STATE OF MICHIGAN
IN THE 3RD CIRCUIT COURT FOR THE COUNTY OF WAYNE

PEOPLE OF THE STATE OF MICHIGAN,
             Plaintiff-Appellee,

                                    **Circuit Court No. 01-13853**

vs.

                                    **JUDGE THOMAS JACKSON**

JAMES JONES,

             Defendant-Appellant,
                                      /

**PEOPLE'S RESPONSE TO DEFENDANT'S
MOTION FOR NEW TRIAL AND GINTHER HEARING
MEMORANDUM IN SUPPORT**

**MICHAEL E. DUGGAN**
Wayne County Prosecuting Attorney

**TIMOTHY A. BAUGHMAN**
Chief of Research, Training, and Appeals

FRANK J BERNACKI (P26352)
Assistant Prosecuting Attorney
Frank Murphy Hall of Justice
1441 St. Antoine, 11th floor
Detroit, Michigan 48226-2302
Phone: 313-224-5785

STATE OF MICHIGAN
IN THE 3RD CIRCUIT COURT FOR THE COUNTY OF WAYNE

PEOPLE OF THE STATE OF MICHIGAN,
               Plaintiff-Appellee,

                             **Circuit Court No. 01-13853**

vs.

                             **JUDGE THOMAS JACKSON**

JAMES JONES,

               Defendant-Appellant,

_____/

_____

PEOPLE'S RESPONSE TO DEFENDANT'S
MOTION FOR NEW TRIAL AND *GINTHER* HEARING

       The People of the State of Michigan, by MICHAEL E DUGGAN, Prosecuting Attorney for the County of Wayne, TIMOTHY A. BAUGHMAN, Chief, Research, Training and Appeals and FRANK J. BERNACKI, Assistant Prosecuting Attorney, state the following in answer to defendant's motion for new trial and *Ginther* hearing:

       1.  The People accept paragraph 1 of defendant's motion.

       2.  The People accept paragraph 2 of defendant's motion.

       3  The People accept paragraph 3 of defendant's motion.

       4.  The People accept paragraph 4 of defendant's motion.

       5.   Defendant asserts that he was denied constitutionally effective assistance of counsel relating to several claims. He cites to general authority and includes no analysis of the issues nor cites to the record to support his assertions. As defendant has the burden of establishing his claim, his reliance upon bare assertion and conjecture does not merit reversal of his conviction. **People v Snider, 239 Mich App 393, 425(2000).**

       6. The argument and recitation of facts by defendant are irrelevant for this motion. Further as the matter of defendant's identification was fully developed at trial and at the pretrial motion to

suppress the in-court identifications of the witnesses, an evidentiary hearing is unnecessary for defendant to raise this issue at the appellate level.

7. The People accept paragraph 7 of defendant's motion.

8. The People do not accept paragraph 8 of defendant's motion as the evaluation of counsel's performance relies upon the trial strategy of trial counsel and defendant's ability to establish that he was prejudiced by his counsel's performance. The authority cited by counsel, **People v Kelly, 186 Mich App 524 (1990)**, is superceded and overruled by **People v Pickens. 446 Mich 298, 327 (1994).**

A *Ginther* hearing is required only if defendant establishes through affidavits of potential witnesses that he has a meritorious claim. **MCR 7.211; People v Ho, 231 Mich App 178, 191 (1998); People v Simmons, 140 Mich App 681, 684-685 (1985).** Defendant has failed to establish the merit of his claim in this motion as no offer has been made regarding the testimonial record that he seeks to establish. Here, defendant's appellate counsel's affidavit is meritless as counsel cannot be a witness at the hearing as her testimony would be irrelevant. Further, no offer of proof is made as to what defendant's trial counsel would say. Trial counsel is an essential witness. An offer of proof as to counsel's testimony is necessary for this court to evaluate whether to grant defendant's request for an evidentiary hearing. **People v Mitchell, 454 Mich 145 (1997).** To find such an "affidavit" as defendant has presented to be sufficient would eliminate the need to make the required offer of proof and allow a hearing to be granted on the mere allegations of counsel.

9. The People do not accept paragraph 9 of defendant's motion as it is based upon inadmissible conjecture.

10. The People do not accept paragraph 10 of defendant's motion as it is based upon inadmissible conjecture.

11. The People do not accept paragraph 11 of defendant's motion as it is based upon inadmissible conjecture. In fact, the record reflects that defendant stated under oath that he himself chose not testify.

12. The People do not accept paragraph 12 of defendant's motion as it is based upon inadmissible conjecture. No offer has been made concerning the alleged witnesses who were not called.

13. The People do not accept paragraph 13 of defendant's motion as it sets forth an erroneous standard by which to evaluate trial counsel's performance.

Our Supreme Court has defined this standard in the following manner: "Ineffective assistance of counsel does not refer to lawyering that is not optimal. Rather it refers to representation that has sunk to the level at which it is a problem of constitutional dimension." **People v Davidovich, 463 Mich 446 (2000).**

14. Further, the applicable standard requires defendant to establish prejudice. In order to meet this requirement, defendant must establish that his attorney did not perform his proper function in the adversarial process so that the trial verdict cannot be relied upon as a just verdict. Our Supreme Court defined the required level of prejudice in the following manner:

> The proper inquiry is not whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."An analysis that focus "solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." (Citations omitted). **People v Reed, 449 Mich 375, 400 at fn 21.**

15. Defendant has not set forth sufficient grounds to reverse conviction or to have an evidentiary hearing.

a. Defendant is not entitled to a hearing relating to his claim of deprivation of constitutionally effective assistance of counsel regarding the failure to call the lineup attorney as no offer of proof is made of the testimony which would be presented at the hearing which would establish how he was prejudiced by the absence of this witness. As his claim is based merely upon conjecture, it is meritless. **People v Cooper 236 Mich App 643 (1999).** Further, the decision upon which witnesses to call to establish a defense is a matter of trial strategy. **Simmons, supra at 685.**

b. Defendant is not entitled to a hearing relating to his claim of deprivation of constitutionally effective assistance of counsel regarding the failure to call alibi witnesses. With no affidavit or relevant offer of proof, defendant has failed to allege sufficient grounds to conduct a hearing relating to the "failure" to call these witnesses. Further even from defendant's assertions, Juanita Jones one of these "alibi" witnesses never saw defendant on the day in question. Without an offer of proof from the remaining witnesses, a hearing is not required. **People v Carbin, 463 Mich 590 (1998); People v Pickens. 446 Mich 298, 327 (1994).**

16. Defendant has not etablished a basis for the granting of motion for an evidentiary hearing.

## RELIEF REQUESTED

*WHEREFORE*, this Court should deny defendant's motion for new trial and  evidentiary hearing as defendant has failed to establish an adequate basis for conducting a hearing.

<div style="margin-left: 50%;">

Respectfully Submitted,
MICHAEL E. DUGGAN
Prosecuting Attorney
County of Wayne

TIMOTHY A. BAUGHMAN
Chief of Research
Training and Appeals

FRANK J BERNACKI  P 26352
Assistant Prosecuting Attorney
12th Floor, 1441 St. Antoine
Detroit, Michigan  48226
Phone: (313) 224-5785

</div>

D:\app.fjb\ginther\app.jmesjones.wpd

Dated: May 21, 2003

FJB/lw

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

PEOPLE OF THE STATE OF MICHIGAN
    Plaintiff-Appellee

vs.                                       Judge Thomas E. Jackson

JAMES JONES
    Defendant-Appellant

Wayne County Circuit Court No. 01-13853

# MEMORANDUM IN SUPPORT

**MICHAEL E. DUGGAN**
**Prosecuting Attorney**
**County of Wayne**

**TIMOTHY A. BAUGHMAN**
**Chief of Research, Training**
**and Appeals**

**FRANK J. BERNACKI**
**Assistant Prosecuting Attorney**
**11th Floor, 1441 St. Antoine**
**Detroit, Michigan 48226**
**Phone: (313) 833-3688**

## I.

### Defendant has failed to establish a basis for the development of a factual record to support his claim of deprivation of constitutionally effective assistance of counsel.

**Standard of Review**

A criminal defendant is entitled to effective, not successful, assistance of counsel. Even if a defendant is convicted as charged of a mandatory life sentence offense, his right to such assistance is not necessarily violated.[1] A claim of deprivation of constitutionally effective assistance of counsel is not an "appellate parachute" to rescue defendant. The mere fact that a lawyer is inexperienced or has had less than a month to prepare for trial does not give rise to presumption that he was ineffective; rather, defendant must show that his counsel failed to perform his adversarial role in the trial.[2] The mere possibility that other motions could have been made, witnesses called, or claims raised are insufficient to successfully establish that defendant was prejudiced through a deprivation of constitutionally effective assistance of counsel as inherently lawyers will disagree about the arguable merits of a particular claim.[3]

In order for a defendant to overcome the strong presumption that he received constitutionally effective assistance of counsel,[4] he must establish that his attorney did not perform his proper function in the adversarial process so that the trial verdict cannot be relied

---

[1] *People v Stewart*, 442 Mich App 889 (1993).

[2] *US v Cronic*, 466 Us 648 (1984).

[3] *People v Reed,* 449 Mich 375, 387 (1995).

[4] *Strickland v Washington*, 466 US 668 (1984); *People v Pickens*, 446 Mich 298 (1994).

1

upon as a just result.[5] Defendant must establish that his counsel's performance significantly harmed the presentation of his defense and then show that this performance prejudiced him by undermining the validity of the verdict so that absent the actions of counsel, a different just verdict would probably have resulted.

More specifically our Supreme Court has defined the parameters of ineffective assistance of counsel in the following manner:

> Defining ineffective assistance of appellate counsel as the failure to raise any arguable claim would impair the independence of the profession. And because failure to raise all colorable claims will expose appellate lawyers to malpractice suits and grievances, the approach would inevitably result in flooding the appellate courts with nonmeritorious claims on direct appeal. Moreover, because in hindsight, the number of claims of arguable legal merit is virtually limitless, it is predictable that lawyers either will decline representation that will expose them to grievances and civil sanctions; or will suggest that funding units should underwrite the cost of malpractice insurance.

> The ultimate effect would profoundly destabilize the finality of judgments beyond what occurred under the previous procedure, and exponentially increase the burdens on appellate counsel, the Court of Appeals, and trial courts presiding in collateral matters. Such an approach is neither commanded by the constitution nor justified by sound public policy.[6]

**Motion for evidentiary hearing**

As part of his motion, defendant has moved for an evidentiary hearing. An evidentiary hearing is often necessary to develop a record as to why defendant's case was presented in the manner it was as such issues were not materially relevant to the jury's determination of

---

[5] Id.

[6] *Reed, supra*, at 382-383.

2

defendant's guilt and are therefore not apparent on the record.[7] However, defendant is not entitled to such a hearing as a matter of right to go on a "fishing expedition"; the court is not required to hear redundant or irrelevant evidence. The trial has been held defendant's guilt has been determined; it is time to review legal not factual claims. The People will now address each of defendant's claims to show why a hearing is not required.

### Failure to call defendant as witness

A defendant's decision concerning testifying is his alone. Defendant unequivocally stated that he did not wish to testify at trial.

> This court in addressing such a claim in *People v Plummer* stated the following:

> > Although defendant asserts on appeal that he was in fact dissatisfied with counsel's performance, this claim is contrary to what he stated in open court. Accordingly, we reject it as a basis either for reversal or for an evidentiary hearing. Because defendant unexpectedly changed his mind about testifying, we conclude that defendant has not sustained his burden of showing that the performance of his counsel during voir dire was below an objective standard of reasonableness under prevailing professional norms. **No evidence record needs to be developed on this claim as it is meritless and is based upon the assertion that defendant perjured himself to the court at his trial.**[8]

Here to provide defendant with a hearing would reward defendant for his perjury in court when he stated he did not wish to testify.

### Failure to call lineup attorney as defense witness

An evidentiary hearing is not required for this claim as it is based upon defendant's conjecture No relevant offer of proof is made concerning the substance of this witness's

---

[7] *People v Ginther*, 390 Mich 436 (1973).

[8] [People v Plummer, 229 Mich App 293, 308 (1996).

3

testimony nor is any offer made as to why this witness was not called.[9] To sustain his burden, defendant must show through affidavit or offer of proof from potential witnesses that such evidence was favorable to him and would have resulted in the suppression of the witness's identification. Further the offer of proof must be from the witness as opposed to appellate counsel as is attempted in this case. Otherwise the requirement of affidavits or offer of proof is meaningless if it could be fulfilled by the beliefs of counsel who is preparing the motion.

Here, at trial, the identifying witness Edward Martin knew defendant by the name of "Fresh" for approximately 1 year prior to the murder in this case. Martin told the police on the night of the shooting when interviewed that defendant was the driver of the car from which the fatal shots were fired Later, Martin identified defendant's picture as the person he knew as "Fresh." Finally three days later, Martin identified defendant in a lineup. All of the evidence was presented at defendant's motion to suppress Martin's identification. This court took these factors into consideration and based upon arguments of counsel and the applicable law denied defendant s motion.

Defendant has not shown what facts would have resulted in this court granting its motion. Therefore, defendant has not carried his burden of establishing an evidentiary hearing is necessary to present this crucial evidence to establish his claim that his trial counsel was ineffective for not calling this additional witness in support of his fruitless motion. [10]

### Failure to produce alibi witnesses

---

[9] While the People maintain that the supporting affidavit is defective, it does not contain any allegations relating the proofs necessary to establish this claim.

[10] *People v Cooper,* 236 Mich App 643 (1999); *People v Poole*, 218 Mich App 702, 718 (1996).

4

Further, an evidentiary hearing is not required relating to defendant's claim that he did not call Juanita Jones, Diane Jones, Anessah Broadnax. Again, no relevant offer is made as to their alleged admissible testimony. Only allegations of inadmissible hearsay are made; these are insufficient.[11] Defendant's claim that they have exculpatory testimony to offer is therefore mere conjecture and cannot be the basis for granting a hearing.[12]

**Defendant's failure to allege prejudice**

As noted before, defendant has the burden to establish that he was prejudiced by his counsel failure to present a substantial defense. While not conceding that defendant has established such a deprivation, the People maintain that defendant has failed to allege any prejudice.

In order to establish prejudice, defendant must show that the verdict of the jury cannot be relied upon as just. Our Supreme Court stated more specifically:

> The proper inquiry is not whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."An analysis that focus "solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." (Citations omitted).[13]

In order to establish the necessary level of prejudice, defendant is required to show not merely that he would have acquitted (which defendant has not shown) but also that he was in fact innocent. A defendant does not get a second chance at trial simply because his first theory failed.

---

[11] *Pickens, supra.*

[12] *Pickens, supra*; *People v Carbin*, 463 Mich 590 ( 1998).

[13] *Reed, supra,* at fn 21 at 400.

Here, defendant has failed to present even an allegation as to how in fact in his attorney's representation led to the conviction of an innocent person (defendant ). The claims of error that defendant alleges were made by trial counsel did not have affected this verdict.

As defendant has failed to allege sufficient facts to merit a finding that he was deprived constitutionally effective assistance of counsel, the strong presumption of the constitutional effectivenenss of his counsel has not been overcome and an evidentiary hearing  is not require to be held.

6

## RELIEF REQUESTED

*WHEREFORE*, the People pray that defendant's motion for new trial and an evidentiary

hearings be denied as defendant has failed to establish an adequate basis for conducting a hearing.

Respectfully Submitted,

MICHAEL E. DUGGAN
Prosecuting Attorney
County of Wayne

TIMOTHY A. BAUGHMAN
Chief of Research
Training and Appeals

FRANK J BERNACKI  P 26352
Assistant Prosecuting Attorney
11th Floor, 1441 St. Antoine
Detroit, Michigan  48226
Phone: (313) 833-3688

Dated: May 20, 2003

FJB/lw