STATE OF MICHIGAN

IN THE THIRD CIRCUIT COURT FOR THE COUNTY OF WAYNE

CRIMINAL DIVISION

PEOPLE OF THE STATE OF MICHIGAN,

    *Plaintiff,*

v.

    Case No: 01-013853-01-FC
    Hon. Dana Margaret Hathaway
    Successor to the
    Hon. Thomas E. Jackson

JAMES ALFRED JONES,

    *Defendant.*

_____/

## ORDER DENYING MOTION
## FOR RELIEF FROM JUDGMENT

At a session of Court held at the Frank Murphy Hall of Justice in the City of Detroit, Wayne County, Michigan, on: **AUG 0 8 2013**

PRESENT: **HON. DANA MARGARET HATHAWAY**

This matter comes before the Court on the defendant's motion for relief from judgment pursuant to MCR 6.500 et seq. The Court being advised in the premises and after a review of the court record finds and orders as follows:

After a jury trial the defendant was convicted of first-degree murder, MCL 750.316; three counts of assault with intent to murder, MCL 750.83; being a felon in possession of a firearm, MCL 750.224f; and felony firearm, MCL 750.227b on May 22, 2002. He was sentenced to life without parole for the murder conviction, fourteen years and three months to twenty-five years for the assaults, two to five years for the felon in possession, all to be served consecutive to two years for the felony firearm conviction. The defendant filed a motion before the trial court for a new trial and an evidentiary hearing alleging he was denied effective assistance of counsel when his attorney failed to call alibi witnesses, failed to challenge the identification testimony and failed to

1

call the defendant to testify at the pre-trial hearing and trial. The trial court denied the motion in a written opinion on January 15, 2004. His conviction was affirmed by the court of appeals on December 14, 2004 and leave to appeal was denied by the Supreme Court on August 30, 2005.

## Standard of Review

The standard of review for a motion brought under MCR 6.500 et seq is de novo. However, before this court may grant the defendant's motion for relief the defendant must establish that he is entitled to relief under MCR 6.508(D). The court may not grant relief to the defendant if the motion (1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal; (2) alleges grounds for relief which were decided against the defendant in a prior appeal, unless the defendant establishes that a retroactive change in the law has undermined the prior decision; (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal, unless the defendant demonstrates (a) good cause and (b) actual prejudice. The court may waive the "good cause" requirement if it concludes that there is a significant possibility that the defendant is innocent of the crime. Furthermore, Michigan statute MCL §769.26; MSA §28.1096, provides that judgments or verdicts shall not be reversed absent a miscarriage of justice.

Citing to *People v Jackson*[1], the defendant argues that this court should avoid ruling on whether he has good cause for failing to present these claims in his prior appeals because he alleges he was prejudiced by the errors at trial and on appeal. The defendant argues that the court should review his motion under the prejudice prong first before determining the issue of good cause. To avoid the bar against granting post-judgment relief, a criminal defendant must demonstrate good cause for failure to raise the grounds for such relief on appeal or in the prior motion *and* demonstrate actual prejudice from the alleged irregularities that support the claim for

---

[1] *People v Jackson*, 429 Mich 133 (1987)

2

relief.[2] To demonstrate prejudice under MCR 6.508(D)(3), a defendant must show that " 'but for the alleged error,' [he] 'would have had a reasonably likely chance of acquittal,' " or that " 'the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case....' "[3]

**Issue I:     Aiding and Abetting Statute Violates Due Process**

The defendant argues that Michigan's aiding and abetting statute violates due process by allowing the jury to convict this defendant of first-degree murder and assault with intent to murder without finding that he had the requisite specific intent to kill. The defendant also contends that the jury instruction on aiding and abetting wrongfully allows the jury to convict on a finding that the defendant had the specific intent to kill or participated in the crime while knowing that the co-participants possessed the specific intent necessary under the substantive statutes.

Michigan's aiding and abetting statute[4] states:

> Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense.

The Michigan Supreme Court described the three elements necessary for a conviction under an aiding and abetting theory: "(1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that the defendant gave aid and encouragement."[5] The Court reaffirmed that evidence of defendant's specific intent to commit a crime or knowledge of the accomplice's intent constitutes sufficient mens rea to convict under the aiding and abetting

---

[2] MCR 6.508(3)(a) and (b).
[3] *People v McSwain*, 259 Mich App 654, 688 (2003), quoting MCR 6.508(D)(3)(a) and (b) subsection (i) and (ii).
[4] MCL 767.39
[5] *People v Moore*, 470 Mich 56, 67–68 (2004), quoting *People v Carines*, 460 Mich 750, 768 (1999).

3

statute. The Court also made it clear that evidence of a shared specific intent to commit the crime of an accomplice is not the exclusive way to establish culpability under the aiding and abetting statute.[6]

The defendant asks this court to rule on the constitutionality of the aiding and abetting statute. That is not the task of this court. Under the subchapter of the court rules that governs this post-conviction appeal this court is limited to review the trial record for prejudicial error in the proceedings. This court finds there was no error in the court giving the aiding and abetting instruction in this case. The defendant's misplaced request for a ruling on whether the aiding and abetting statute is constitutional is denied.

## II: Instructional error on causation element

The defendant alleges that the trial court's instruction on the elements of first degree murder was a de facto directed verdict on the element of causation. The defendant alleges that the trial court instructed the jury that if the victim died of gunshot wounds then the defendant caused the victim's death. The defendant refers back to his first allegation that the aiding and abetting statute violates due process.

The trial court gave the appropriate instruction regarding aiding and abetting and properly instructed the jury on all the elements of premeditated first degree murder that the prosecutor must prove beyond a reasonable doubt. The defendant's contorted reasoning challenging the trial court's instructions to the jury doesn't pass that smell test. Because the defendant's argument regarding the constitutionality of the aiding and abetting statute cannot be reached by this court, it follows his claim that the instructions on aiding and abetting premeditated first degree murder was erroneous must fail in this appeal.

## III: Defendant was denied attorney of his choice in violation of Sixth Amendment

---

[6] *People v Robinson*, 475 Mich 1 (2006).

4

The defendant complains that he was denied the counsel of his choice in violation of his Sixth Amendment rights. On the morning of trial his attorney informed that court that on the Friday before the trial was to begin the defendant's family informed her that they intended to hire a new attorney. The defendant's trial attorney stated that she had spoken to the attorney but the new attorney did not appear. The trial attorney stated that she was prepared to proceed to trial as scheduled. The defendant's alleged new counsel never appeared for the trial, never contacted the court and never filed an appearance.

The right to counsel of choice does not extend to defendants who require counsel to be appointed for them.[7] The high court has long recognized a trial court's wide latitude in balancing the right to counsel of his choice against the needs of fairness and against the demands of its calendar.[8] The defendant was represented by a competent attorney at his trial and he did not provide the court with any specific complaint such that the court could find a breakdown in the attorney client relationship that would require another attorney to take over the case. The defendant had ample time to procure an attorney of his choice at his expense before the trial was scheduled to begin. The attorney who was supposed to appear on his behalf never even appeared to ask for an adjournment of the trial so he could prepare. There was no error in the court's decision to continue to trial with the appointed attorney who stated she was prepared to proceed. The defendant's claim of a violation of his right to counsel of his choice is without merit.

**IV:    Defendant's right to confront witnesses was violated**

The defendant alleges that he was denied the right to confront the witness who prepared the forensic report in violation of his Sixth Amendment right. He relies on *Crawford v Washington*[9] to

---

[7] *US v Gonzalez-Lopez*, 548 U S 140; 126 S Ct 2557 (2006).
[8] *Morris v Slappy*, 461 U S 1, 11-12, 103 S Ct 1610 (1983).
[9] 541 US 36; 124 S Ct 1354 (2004).

5

argue that the autopsy report was a testimonial document and that he should have been allowed to cross examine the expert who prepared it.

The holding in *Crawford* applies retroactively to cases that were pending on appeal at the time the Supreme Court's opinion was issued.[10] This defendant's case was on direct review when *Crawford* was handed down. However, before finding that the error requires reversal of the conviction, this court must examine the erroneous admission of the forensic pathologist's testimony under the under the plain error doctrine.[11]

"Plain error review" involves three prongs: (1) there must be an error or defect; (2) it must be clear or obvious; and (3) it must have affected the appellant's substantial rights, which generally requires a showing of prejudice that affected the outcome of the proceedings.[12] If the three other prongs are satisfied, the court must decide if the error "'seriously affected the fairness, integrity or public reputation of judicial proceedings."[13] Reversal is only required if the error is prejudicial and the appropriate inquiry "focuses on the nature of the error and assesses its effect in light of the weight and strength of the untainted evidence."[14] The burden is on the defendant to show that a constitutional error resulted in a miscarriage of justice.[15]

The defendant asserts that he should be granted a new trial because the holding of *Crawford* applies to his case where the forensic pathologist who testified was not the forensic pathologist who prepared the report. The defendant cites several cases that support his contention that the *Crawford* analysis should be used in this review, however, the defendant's brief is bereft of any analysis relating to how he was prejudiced at trial because of the alleged error. The

---

[10] *People v Bell*, 264 Mich App 58, 62 (2004); *People v McPherson*, 263 Mich App 124, 135 n. 10 (2004).
[11] *People v Carines*, 460 Mich 750, 765 (1999).
[12] *Carines*, 460 Mich at 763 (1999); citing *United States v Olano*, 507 U S 725, 113 S Ct 1770 (1993).
[13] Id.
[14] *People v Lukity*, 460 Mich 484, 492 (1999); citing *People v. Mateo*, 453 Mich 203, 206 (1996).
[15] Id at 493-4.

6

defendant entirely failed to allege that he was prejudiced by the admission of the testimony and it is not this court's duty to create the defendant's argument for him. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, . ."[16] Such cursory treatment constitutes abandonment of the issue.[17] Furthermore, the crucial issue in this case was the identity of the shooter therefore the forensic evidence found in the medical report was not outcome determinative.

**V. and VI  Ineffective assistance of trial counsel and appellate counsel**

In order to establish ineffective assistance of counsel, a defendant must demonstrate (1) that counsel's performance was below an objective standard of reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 687; 104 SCt 2052 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *People v Carbin*, 463 Mich 590, 600 (2001); *People v Pickens*, 446 Mich 298 (1994). Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. *People v Stanaway*, 446 Mich 643, 687 (1994). To support a claim that appellate counsel's failure to raise meritorious issues on appeal denied him guaranteed constitutional rights, the defendant must show that his appellate counsel's performance fell below an objective standard of reasonableness and that appellate counsel's representation was constitutionally deficient. *People v Reed*, 449 Mich 375; 535 N.W.2d 496 (1995); *People v Pickens,* supra.

The defendant alleges that he was denied effective assistance of counsel when his trial attorney failed to object to the aiding and abetting and causation instructions as he set forth in his

---

[16] *People v Watson*, 245 Mich App 572, 587 (2001).
[17] Id.

previous claims I and II. Because this court has found that there was no error in the jury instructions regarding the application of the aiding and abetting instructions, it is axiomatic that this claim must be denied.

The defendant alleges that his trial attorney failed to protect his right to the counsel of his choice. This court held above that the defendant was represented by a competent attorney at his trial, he did not provide the court with any specific complaint of a breakdown in the attorney client relationship, he had ample time to procure an attorney of his choice at his expense before the trial was scheduled to begin, and the attorney who was supposed to appear on his behalf never even appeared to ask for an adjournment of the trial so he could prepare. There was no error in the court's decision to continue to trial with the appointed attorney was prepared to proceed. The claim of ineffective assistance on this issue has no merit.

The defendant alleges that his jury was improperly sworn after the presentation of opening statements and that his attorney was ineffective when she failed to object. The defendant alleges that without his trial attorney's ineffectual conduct he would have had more than a reasonable likelihood of acquittal at his trial. An error such as an unsworn jury would be a constitutional violation, indeed. The error would be reviewable under the plain error standard as described above. Again, the defendant has failed utterly to show how he was prejudiced by the trial court's alleged decision to swear in the jury after the opening statements but prior to the presentation of evidence. The issue is deemed inconsequential.

Furthermore, the defendant's allegation that he would have likely been acquitted is not supported by the testimony of witnesses who identified the defendant as the driver of the car that drove by a group of people twice and showered the crowd with bullets resulting in the wounding of one and the death of another. The defendant has not carried his burden to show that his trial was unfair or that an innocent person was wrongly convicted.

8

The defendant alleges that his appellate attorney was ineffective for failing to present these claims in his direct appeal. This court has reviewed the defendant's claims and had found them to be lacking in merit. The defendant's appellate attorney was not ineffective for failing to present these claims in his direct appeal.

## Conclusion

The defendant has not shown that his trial was unfair, or he had a reasonable likelihood of acquittal or that the conviction was a result of a miscarriage of justice. The defendant has not shown how any of the alleged errors resulted in prejudice at his trial. The defendant's motion for relief from judgment is hereby denied.

Hon. Dana Margaret Hathaway