# Court of Appeals, State of Michigan

## ORDER

**People of MI v James Alfred Jones**

Docket No.      **320777**

LC No.          **01-013853-FC**

---

William B. Murphy, Chief Judge, acting under MCR 7.203(F)(1), orders:

The delayed application for leave to appeal from the August 8, 2013 order is DISMISSED because appellant failed to file the application within the time period required by MCR 7.205(G)(3).

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

MAR 2 0 2014

_____
Date

_____
Chief Clerk

320777

```
TO:    Clerk of the Court
       Michigan Court of Appeals
       First District:
       3020 West Grand Blvd.
       Ste. 14-300
       Detroit, MI  48202

FROM:  James Alfred Jones, (#362351)
       E.C. Brooks Correctional Facility
       2500 S. Sheridan Drive
       Muskegon Heights, MI  49444-2665

DATE:  February 5, 2014

RE:    People of the State of Michigan v. James Alfred Jones
       Circuit Court No. 2001-013853-01
       Hon. Dana Margaret Hathaway
```

Dear Honorable Clerk:

     Enclosed for filing in the above-captioned appeal, pleas find **Deft's** Motion for Leave To Appeal w/supporting brief and **Exhibit A** together with a **Proof of Service** made upon opposing counsel of record

     Thank you for your anticipated prompt attention.

                              Sincerely,

                         *[signature]*

                    James Alfred Jones, (#362351)
                    Defendant appearing propria persona

JAJ/rcm

encls/cc: Wayne County Prosecutor's Office
          File

*COURT OF APPEALS DETROIT OFFICE  2014 MAR 10  AM 10: 27  RECEIVED*

STATE OF MICHIGAN

IN THE MICHIGAN COURT OF APPEALS

\*       \*       \*       \*

PEOPLE OF THE STATE OF MICHIGAN,

     Plaintiff-Appellee,         COA NO. *320777*

v.                        L.Ct.No. 01-013853-01

JAMES ALFRED JONES, (#362351),

     Defendant-Appellant.

_____/

PROOF OF SERVICE

STATE OF MICHIGAN  )
                 ) ss.
COUNTY OF MUSKEGON )

    I, James Alfred Jones, (#362351), hereby certifies that on March _____, 2014, I remailed to the the First District Clerk's Office for the Michigan Court of Appeals five (5) copies of the Notice of Hearing, Application w/supporting brief for Leave to Appeal with Appendages and Proof of Service also served upon opposing counsel of record by way of United States Postal Service, first-class postage prepaid.

          _James Jones_  362351
          James A. Jones, (#362351)

Subscribed to before me on this _5th_ day of March 2014.

          _Donna J. Fritz_
          Notary Public
    County of Wayne, State of Michigan
      My Commission Expires:

DONNA J. FRITZ
NOTARY PUBLIC, STATE OF MI
COUNTY OF MUSKEGON
MY COMMISSION EXPIRES JUNE 27, 2020
ACTING IN COUNTY OF MUSKEGON

STATE OF MICHIGAN

IN THE MICHIGAN COURT OF APPEALS

\*          \*          \*          \*

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,         COA NO   320777

v.                              L.Ct No. 01-013853-01

JAMES ALFRED JONES, (#362351),

      Defendant-Appellant

_____/

**James Alfred Jones, (#362351)**
Defendant-Appellant appearing propria persona
E.C. Brooks Correctional Facility
2500 S. Sheridan Drive


**Office of the Wayne County Prosecutor**
Frank Murphy Hall of Justice
1441 Saint Antoine Street
Detroit, MI  48226

_____/

NOTICE OF HEARING

APPLICATION w/SUPPORTING BRIEF
FOR LEAVE TO APPEAL

APPENDAGES

PROOF OF SERVICE

BY:  **James Alfred Jones, (#362351)**
     Defendant-Appellant appearing propria persona
     E C  Brooks Correctional Facility
     2500 S. Sheridan Drive
     Muskegon Heights, MI  49444-2665

STATE OF MICHIGAN

IN THE MICHIGAN COURT OF APPEALS

\*       \*       \*       \*

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

COA NO. 320777

v.

L.Ct.No. 01-013853-01

JAMES ALFRED JONES, (#362351),

        Defendant-Appellant.

_____/

### APPLICATION FOR LEAVE TO APPEAL

    NOW   COMES,   Defendant-Appellant,   James   Alfred   Jones,
(#362351),   through   his   appearance   in   propria   persona,   and
respectfully   moves   this   Honorable   Court   pursuant   to   Mich.   Ct.   R.
6.509(A)   and   MCL   7.205   to   grant   leave   to   appeal   the   trial   court's
August   8,   2013,   order   denying   motion   for   relief   from   judgment.
This   application   for   leave   to   appeal   is   based   on   the   grounds   set
forth   in   the   accompanying   brief   in   support.

                Respectfully submitted,

                **James Alfred Jones, (#362351)**
          Defendant-Appellant appearing propria persona

Dated: **February 6, 2014**

STATE OF MICHIGAN

IN THE MICHIGAN COURT OF APPEALS

\*       \*       \*       \*

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,            COA NO.

v.                                   L.Ct.No. 01-013853-01

JAMES ALFRED JONES, (#362351),

      Defendant-Appellant.

_____ /

### NOTICE OF HEARING

TO:

WAYNE COUNTY PROSECUTOR'S OFFICE
Frank Murphy Hall of Justice
1441 St  Antoine Street
Detroit, MI  48226

      PLEASE TAKE NOTICE THAT on MARCH 24, 2014, the undersigned
will move this Honorable Court to grant the within:

### APPLICATION FOR LEAVE TO APPEAL

        Respectfully submitted,


          James Alfred Jones, (#362351)
     Defendant-Appellant appearing propria persona
       E.C. Brooks Correctional Facility
          2500 S. Sheridan Drive
      Muskegon Heights, MI  49444-2665


Dated: February 18, 2014

# TABLE OF CONTENTS

TABLE OF AUTHORITIES                                        i-iii

STATEMENT OF JURISDICTION                                    iv

STATEMENT OF QUESTIONS PRESENTED                            v-vi

STATEMENT OF FACTS                                          vii

## ISSUE NO. I

JAMES A  JONES IS ENTITLED TO RELIEF FROM JUDGEMENT
BECAUSE THE COURT'S INSTRUCTIONS ON AIDING AND ABETTING
PREMEDITATED MURDER AND ASSAULT WITH INTENT TO COMMIT MURDER
VIOLATED FUNDAMENTAL DUE PROCESS PROTECTION.                  **5**

## ISSUE NO  II

JAMES A. JONES IS ENTITLED TO RELIEF FROM JUDGMENT
BECAUSE THE TRIAL COURT'S  INSTRUCTION ON THE CAUSATION
ELEMENTS OF MURDER DIRECTED A VERDICT ON THAT ELEMENT
AND/OR SHIFTED THE BURDEN OF PROOF ON THAT ELEMENT           **8**

## ISSUE NO. III

JAMES A. JONES IS ENTITLED TO RELIEF FROM JUDGMENT
BECAUSE HE WAS DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL
OF CHOICE, WHICH THE UNITED STATES SUPREME COURT HAS
DETERMINED TO BE A STRUCTURAL DEFECT AND NOT SUBJECT TO
HARMLESS ERROR ANALYSIS AND OTHER PROCEDURAL BARS           **11**

## ISSUE NO. IV

JAMES A. JONES IS ENTITLED TO RELIEF FROM JUDGMENT
BECAUSE HE WAS DENIED HIS SIXTH AMENDMENT RIGHT TO
CONFRONTATION BY THE ADMISSION OF HEARSAY TESTIMONY FROM AN
EXPERT WITNESS AND BY THE ADMISSION OF A HEARSAY FORENSIC
REPORT ADDRESSING A CRITICAL ELEMENT OF THE OFFENSE.        **13**

## ISSUE NO. V

JAMES A. JONES IS ENTITLED TO RELIEF FROM JUDGMENT
WHERE DEFENSE COUNSEL VIOLATED HIS SIXTH AND FOURTEENTH
AMENDMENT RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL.    **16**

## ISSUE NO. VI

JAMES A. JONES IS ENTITLED TO RELIEF FROM JUDGMENT
BECAUSE HE WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE
OF COUNSEL ON HIS DIRECT APPEAL.                              **19**

**SUMMARY AND RELIEF**                                        **22**

## TABLE OF AUTHORITIES

PAGES

### Federal Cases

Blackburn v. Foltz, 828 F2d 1177 (6th Cir. 1987),          17

Bullcoming v. New Mexico, 564 US ___, 131 S Ct 2705 (2011), 14, 15

Cave v. Singletary, 971 F2d 1513 (11th Cir. 1992),          16

Corse v. Andersen, 443 F Supp 176 (E.D. Mich. 1977),        19

Crawford v. Washington, 541 US 36 (2004),                 13, 15

Cropp v. Wisconsin, 400 US 505 (1971),                      18

Davis v. Booker, 594 F Supp2d 802 (E.D. Mich. 2009),        21

Evitts v. Lucey, 489 US 387 (1985),                         19

Flowers v. Blackburn, 779 F2d 1115 (5th Cir. 1986),          8

Gideon v. Wainwright, 372 US 335, 345 (1963),               11

Gravely v. Mills, 87 F 3d 779 (6th Cir. 1996),              19

Grey v. Greer, 800 F2d 644, 646 (6th Cir. 1986),            20

Henry v. Scully, 918 F Supp 693 (SDNY 1996),                16

In re Winship, 397 US 358 (1970),                          5, 8

Jones v. Barnes, 463 US 745 (1983),                         20

Joshua v. DeWitt, 341 F3d 430 (6th Cir. 2003),              19

Lilly v. Virginia, 527 US 116, 124 (1999),                  13

Maryland v. Craig, 497 US 836, 847-848 (1990),              13

McQueen v. Scroggy, 99 F3d 1302, 1311 (6th Cir. 1996),    17, 19

Melendez-Diaz v. Massachusetts, 557 US ___ (2009),        14, 15

Nardie v. Pepe, 662 F 3d 107 (1st Cir. 2011),               15

Ohio v. Roberts, 448 US 56, 65 (1980),                      13

Pointer v. Texas, 380 US 400 (1965),                        13

Powell v. Alabama, 287 US 45, 53 (1932),                    11

Robinson v. Cain, 324 F3d 297, 302-303 (5th Cir. 2003),      8

i

Rose v. Clerk, 478 US 570, 578 (1986),                                    9

Sandstrom v. Montana, 442 US 570 (1979),                               5, 8

Strickland v. Washington, 466 US 688 (1984),              16, 17, 19

U.S. v. Cronic, 466 US 648 (1984),                            16, 17

U.S. v. De La Cruz, 514 F3d 121 (1st Cir. 2008),                   14

U.S. v. Gonzales-Lopez, 548 US 140 (2006),                     11, 12

Warren v. Smith, 161 F3d 358 (6th Cir. 1998),                       8

Wheat v. U.S., 486 US 153, 159 (1988),                             11


                            State Cases

                                                                  PAGES

People v. Aaron, 409 M 692, 728-729 (1980),                         5

People v. Anstey, 476 M 436 (2006),                                 8

People v. Briggs, 202 MA 450, 454 n.1 (1993),                       6

People v. Carp, ___ MA ___; (2012),                                15

People v. Crass, 250 MA 110 (2002),                                 4

People v. Depew, 215 MA 317, 320 (1921),                         6, 8

People v. Dendel (After Sec. Remand), 289 MA 445 (2010),     14, 15

People v. Feezel, 486 M 184 (2010),                              9, 17

People v. Gaydosh, 203 MA 235 (1994),                               9

People v. Grant, 470 M 477 (2004),                             16, 19

People v. Hickman, 470 M 602 (2004),                               16

People v. Jackson, 465 M 390, 397 (2001),                        4, 5

People v. Jackson, 292 MA 583 (2011),                               5

People v. James Alfred Jones, per curium opinion of
the Court of Appeals issued 12/14/2014),                           21

People v. Mallory, 421 M 229 (1984),                               18

People v. Peppers, 389 M 322 (1973),                                9

People v. Pribble, 72 MA 219 (1976),                          18

People v. Reed, 449 M 375 (1995),                          3, 4

People v. Riddle, 467 M 116, 124 (2002),                   8, 17

People v. Robinson, 475 M 1 (2006),                            6

People v. Swain, 288 MA 609 (2010),                            3

People v. Taylor, 442 M 554 (1985),                            8

People v. Thomas, 126 MA 611, 623 (1983),                      6


**Court Rules, Statutes & Constitutions**

MCR 6.501,                                                     3
MCR 6.500,                                               3, 4, 20
MCR 6.508,                                                     4
MCR 6.508(C),                                                 19
MCR 6.508(C)(9)(10),                                          21
MCR 6.508(D),                                                  3
MCR 6.508(D)(2),                                               3
MCR 6.508(D)(3),                                               3
MCR 6.508(D)(3)(b)(i),                                         3
MCR 6.508(D)(3)(b)(iii),                                       3
MCR 7.200,                                                     3
MCR 7.300,                                                     3


**Statutes**

MCL                       750.316(1)(a),
5
MCL 767.39,                                                    6


**Constitution/State**

MCLA Const. 1963, art 1, sec. 20,                             16


**Constitition/Federal**

USCA Const, Am VI,                                            16

USCA Const, Am XIV,                                        8, 18

## STATEMENT OF JURISDICTION

Shortly following Defendant-Appellant's unsuccessful direct appeal proceedings, he sought collateral post-conviction remedies before the trial court. On **August 8, 2013,** the trial court issued an order denying Mr Jones' motion for relief from judgment. (See, attached as **Exhibit A**)

Defendant-Appellant Jones now seeks leave to appeal the trial court's denial pursuant to the six-month appeal provisions set forth under Mich. Ct R. **Mich. Ct.** R. **6.509** along with **Mich. Ct**. R. **7 205.**

Accordingly, the application for leave to appeal has been timely filed.

## STATEMENT OF QUESTIONS PRESENTED

### ISSUE NO  I

IS JAMES A. JONES ENTITLED TO RELIEF FROM JUDGEMENT
BECAUSE THE COURT'S INSTRUCTIONS ON AIDING AND ABETTING
PREMEDITATED MURDER AND ASSAULT WITH INTENT TO COMMIT MURDER
VIOLATED FUNDAMENTAL DUE PROCESS PROTECTION.

**The Trial Court answers, "No".**

**Defendant-Appellant answers, "Yes".**

### ISSUE NO. II

IS JAMES A. JONES ENTITLED TO RELIEF FROM JUDGMENT
BECAUSE THE TRIAL COURT'S  INSTRUCTION ON THE CAUSATION
ELEMENTS OF MURDER DIRECTED A VERDICT ON THAT ELEMENT
AND/OR SHIFTED THE BURDEN OF PROOF ON THAT ELEMENT

**The Trial Court answers, "No".**

**Defendant-Appellant answers, "Yes".**

### ISSUE NO. III

IS JAMES A. JONES ENTITLED TO RELIEF FROM JUDGMENT
BECAUSE HE WAS DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL
OF CHOICE, WHICH THE UNITED STATES SUPREME COURT HAS
DETERMINED TO BE A STRUCTURAL DEFECT AND NOT SUBJECT TO
HARMLESS ERROR ANALYSIS AND OTHER PROCEDURAL BARS

**The Trial Court answers, "No".**

**Defendant-Appellant answers, "Yes".**

### ISSUE NO. IV

IS JAMES A. JONES ENTITLED TO RELIEF FROM JUDGMENT
BECAUSE HE WAS DENIED HIS SIXTH AMENDMENT RIGHT TO
CONFRONTATION BY THE ADMISSION OF HEARSAY TESTIMONY FROM AN
EXPERT WITNESS AND BY THE ADMISSION OF A HEARSAY FORENSIC
REPORT ADDRESSING A CRITICAL ELEMENT OF THE OFFENSE.

**The Trial Court answers, "No".**

**Defendant-Appellant answers, "Yes".**

v

## ISSUE NO. V

IS JAMES A. JONES ENTITLED TO RELIEF FROM JUDGMENT
WHERE DEFENSE COUNSEL VIOLATED HIS SIXTH AND FOURTEENTH
AMENDMENT RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

**The Trial Court answers, "No".**

**Defendant-Appellant answers, "Yes".**

## ISSUE NO. VI

IS JAMES A. JONES ENTITLED TO RELIEF FROM JUDGMENT
BECAUSE HE WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE
OF COUNSEL ON HIS DIRECT APPEAL.

**The Trial Court answers, "No"**

**Defendant-Appellant answers, "Yes".**

## STATEMENT OF THE FACTS

This criminal case was designed as Wayne County Circuit Court case No. 2001 013853-01. Viewing the evidence in the light most favorable to the prosecution, as this Court must do, the Michigan Court of Appeals summarized the trial evidence as followed:

On November 14, 2001, Defendant-Appellant James Alfred Jones was robed near Ahmand Akins house. Edward Martin and Phillip Mason, who knew Defendant Jones from the neighborhood, witnessed the robbery. According to Martin, Jones may have thought Martin and Mason were connected to the robbery.

The following afternoon, et approximately 5:p m , about thirteen people were standing in the northwest corner of Heyden and Clarite in Detroit, in front of Akin's, Martin, Mason, Demetris and Joseph McCrimon. As Akins was entering the house, Jones slowly drove by in his green Oldsmobile Aurora with two other occupants, one in the passenger seat and one in the back seat. Martin stated he clearly saw the driver and identified him as Jones. The car stopped at the stop sign and the occupants grimaced at the crowd, but did not speak. The car then turned right onto Clerite and drove toward Evergreen Road.

About two or three minutes later, Akins walked out of the house and was standing on the front porch when the Oldsmobile drove by again and a person in the backseat fired 20 to 30 rounds from an AK-47 into the crowd. Akins was shot on the top of the head, but survived. Perdue was shot in the lower back and left leg, and died from his injuries. When police arrived on the scene, Martin identified Jones as the driver. **People v. James (Alfred Jones,** unpublished PER CURTUM opinion of the Court of Appeal (Docket 244062; 12/14/2004), pp 1-2.

Details related to the issues presented are committeed within the body of the issue.

Jurisdiction & Application of MCR 6.508(D) to the Grounds for Relief

1.       This Court has jurisdiction to hear this motion.  MCR 6.501 provides that a judgment of conviction entered by the Wayne County Circuit Court, not subject to appeal under subchapters 7.300 or 7.200, may only be brought under subchapter 6.500.  These judgments of convictions were entered by the Wayne County Circuit Court and are not subject to appeal under subchapters 7.300 or 7.200.  Further, the jurisdictional limitations found in MCR 6.502(G) are *not* applicable since this is Mr. Jones' first and only motion for relief from Judgment.

2.       While MCR subchapter 6.500 contemplates finality in the appellate process by providing one post-August 1, 1995 post-conviction review process, its promulgation was not intended to raise an insurmountable bar to obtaining relief.  The court need not require a showing of "cause" if the issue is jurisdictional or could not have been raised on direct appeal or a prior motion.  MCR 6.508(D)(3).  The motion need not show "cause" and may re-litigate previously raised issues if a retroactive change in the law has undermined the prior decision.  MCR 6.508(D)(2).  The court may dispense with the "cause" requirement altogether if there is a "significant possibility" of innocence, MCR 6.508(D); *People v Swain*, 288 Mich App 609 (2010), and "cause" may be established by showing ineffective assistance of appellate counsel. *People v Reed*, 449 Mich 375; 535 NW2d 496 (1995).

3.       As to MCR 6.508's prejudice prong, as shown within the body of each argument, the grounds for relief are such that in the absence of the defects in the criminal prosecution Mr. Jones would have had a reasonable chance of acquittal, MCR 6.508(D)(3)(b)(i), and were so offensive to the maintenance of a sound judicial system such that the conviction should not be allowed to stand, MCR 6.508(D)(3)(b)(iii).

Thus, while the phrasing of MCR 6.508 is in the negative, the above exceptions make it clear that the Court's promulgation of subchapter 6.500 was not an abandonment of its long held belief that *"neither side of a case has a legitimate interest in immunizing legal errors from correction." In re Burton*, 429 Mich 133, 149; 413 NW2d 413 (1987).

4. In the alternative, by statute, a trial court possesses authority to grant relief "for any cause for which by law a new trial may be granted, *or when it shall appear to the court that justice has not been done, and on such terms or conditions as the court shall direct.*" See MCL 770.1 (emphasis supplied); *People v Cress*, 250 Mich App 110; 645 NW2d 699 (2002) (applying statute to 6.500 motion for relief).

5. Mr. Jones would urge this Court to hesitate prior to imposing the "cause" requirement of MCR 6.508(D)(3)(a) to avoid ruling on the merits of the claims. In *People v Jackson*, 465 Mich 390, 397; 633 NW2d 825 (2001), the Supreme Court held that if either "good cause" or "actual prejudice" is lacking, a trial court need not address the other prong before denying the motion. The *Jackson* procedure is the appropriate approach here. If the issues are found lacking in merit, then this court may dismiss the motion without addressing the more thorny matter of "good cause" and promptly dispose of the matter.

6. The issues presented cast significant doubt on the validity of the verdict and/or the appellate process enforcing that verdict. Here, unlike many motions for relief from judgment brought before this court, Mr. Jones has *not* abused the appellate process. In *People v Reed, supra*, at 381, the Court stated that the *"specific purpose for creating the postconviction procedure was . . . to end repetitious motions for new trials."* Mr. Jones has not abused the appellate process by filing frivolous "repetitious motions for new trials".

4

7.. This case deserves more than a fleeting glance. This is Mr. Jones' last chance to seek review in the state courts. In light of the above, reviewing the issues herein for "prejudice" first as permitted by *Jackson* is clearly appropriate. Then, if the issues are found lacking in merit, this court may dismiss the motion while still ensuring that injustice has not occurred, the ultimate duty of a reviewing court in any criminal matter.

<u>Grounds Justifying Relief from Judgment</u>

B. The grounds justifying relief from judgment are:

I. **JAMES ALFRED JONES IS ENTITLED TO RELIEF FROM JUDGMENT BECAUSE THE COURT'S INSTRUCTIONS ON AIDING AND ABETTING PREMEDITATED MURDER AND ASSAULT WITH INTENT TO COMMIT MURDER VIOLATED DUE PROCESS.**

This case requires the Court to determine whether Michigan's aiding and abetting jurisprudence in specific intent cases satisfy the principles of *In re Winship*, 397 US 358; 90 S Ct 1068; 25 L Ed2d 368 (1970), and its progeny, including *Sandstrom v Montana*, 442 US 510; 99 S Ct 2450; 61 L Ed2d 39 (1979), specifically, that the Due Process Clause of the Fourteenth Amendment "*protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime*". 397 US at 364.

In this case Mr. Jones was charged in the premeditated murder of Demetris Perdue premised upon an aider and abetting theory. Under Michigan law, the crime of murder, no matter its type, requires proof of intent. *People v Aaron*, 409 Mich 672, 728-729; 299 NW2d 304 (1980). MCL §750.316(1)(a) incorporates the proof necessary for first degree premeditated murder, which is a premeditated and deliberated intent to kill, *People v Jackson*, 292 Mich App 583; 808 NW2d 541 (2011). A statute that requires proof that the defendant had a "particular criminal intent beyond the act done" creates a specific intent

5

crime. *People v Depew*, 215 Mich 317, 320; 183 NW 750 (1921). First-degree murder is a specific intent crime. *People v Biggs*, 202 Mich App 450, 454, n 1; 509 NW2d 750 (1993); *People v Thomas*, 126 Mich App 611, 623; 337 NW2d 598 (1983).

In order to find Mr. Jones guilty of aiding and abetting the premeditated murder of Demetris Perdue the jury had to first determine if he was guilty of aiding and abetting with the specific intent for premeditated murder. The court instructed:

> To be convicted as an aider and abettor, the defendant must have had the requisite intent himself, or participated in the crime, *while knowing that the co-participants possessed the requisite intent*. (TT 5/22/2002 p 72).

There was no question that Demetris Purdue was shot and killed during a drive-by shooting. Thus, the only question for the jury was whether or not it had been proven beyond a reasonable doubt that James Jones had aided and abetted the crime of premeditated and deliberated murder.

Mr. Jones submits that Michigan's aiding and abetting jurisprudence which allows conviction on mere knowledge of the principal's intent; while the underlying offense of first degree premeditated murder requires specific intent, violates Due Process. Stated otherwise, the aiding and abetting instruction referenced above when applied to a specific intent crime the finding of intent <u>or</u> knowledge is incompatible with the mental state needed to prove first degree premeditated murder, which is <u>only</u> specific intent.

Michigan's aiding and abetting statute, MCL §767.39, does not provide for a *mens rea* for aiders and abettors:

> Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsel's, aids, or abets in its commission may hereafter be prosecuted, indicted, tried, and on conviction shall be punished as if he had directly committed such offense.

Michigan law holds that aiding and abetting is not a substantive offense, it is merely a prosecutorial theory that allows for the imposition of liability upon accomplices. *People v Robinson*, 475 Mich 1; 715 NW2d 44 (2006). In the absence of a statutory definition of aiding and abetting, the Michigan Supreme Court has held in order to show aiding and abetting it must be established that (1) the crime charged was committed by the defendant or some other person; (2) that the defendant performed acts or gave encouragement that assisted in the commission of the crime, or (3) the defendant intended commission of the crime or had knowledge that the principal intended its commission at the time of rendering aid and encouragement. *People v Robinson, supra*, 475 Mich at 6.

Michigan's aiding and abetting instruction when applied to a specific intent crime such as premeditated murder unconstitutionally permitted Mr. Jones' jury to convict upon a finding of intent with *knowledge* of the other person's intent; when the only intent sufficient to prove premeditated murder – is a specific intent as applied to the accused. This instruction violates due process and undermines the integrity of the verdict.

The same objections to the aiding and abetting instruction as applied to premeditated murder apply with equal force in this case to the Court's instructions on the assault with intent to commit murder charges involving Ahmad Akins, Edward Martin, and Phillip Mason:

> Now the crime of assault with intent to murder requires proof of a specific intent this means that the prosecution must prove not only that the defendant did certain acts, but that he did the acts with the intent to cause a particular result. For the crime of assault with intent to murder, this means that the prosecution must prove that the defendant intended to kill or that he aided and abetted with that specific intent. As I said, to be convicted as an aider abettor of a crime, that requires specific intent, the defendant must have had that specific intent himself or participated in the crime while knowing that his co-participants had that specific intent. (TT 5/22/2002 p 77).

In Michigan, the crime of assault with intent to murder is a specific intent crime. *People v Taylor*, 422 Mich 554; 375 NW2d 1 (1985); *Warren v Smith*, 161 F23d 358 (CA 6, 1998). Thus, intent to kill for purposes of this offense may not be found by intent to inflict great bodily harm or a wanton and willful disregard of the likelihood that the natural tendency of the acts will likely cause death or great bodily harm, only specific intent will suffice. *People v Taylor, supra; Warren v Smith, supra.* And as noted above, proof of a specific intent crime requires proof that the defendant had a "particular criminal intent beyond the act done". *People v Depew*, 215 Mich 317, 320; 183 NW 750 (1921).

These instructions allowed the prosecution to convict Mr. Jones on a theory of criminal liability involving a lesser intent than that required by the substantive crimes.[1] These instructions individually and collectively violated Mr. Jones' constitutional rights and denied a fair trial. US Const, Amend XIV.

Relief is sought in the form of a new trial.

**II.    JAMES ALFRED JONES IS ENTITLED TO RELIEF FROM JUDGMENT BECAUSE THE TRIAL COURT'S INSTRUCTION ON THE CAUSATION ELEMENT OF MURDER DIRECTED A VERDICT ON THAT ELEMENT AND/OR SHIFTED THE BURDEN OF PROOF ON THAT ELEMENT.**

"A criminal defendant is entitled to have a properly instructed jury consider the evidence against him." *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002); *People v Anstey*, 476 Mich 436; 719 NW2d 578 (2006) (jury must have clear and correct understanding of what they are to decide); *In re Winship, Sandstrom v Montana, supra.*

---

[1] See for example, *Roberson v Cain*, 324 F3d 297, 302-303 (CA 5, 2003), citing *Flowers v Blackburn*, 779 F2d 1115 (CA5, 1986) (finding that a similar jury instruction unconstitutionally "relieved the state of proving [defendant's] specific intent to kill").

8

The trial court's instructions on the causation element of murder directed a verdict on that element and/or shifted the burden of proof. In its charge to the jury, the trial court instructed the jury that "*the defendant is charged with the crime of first degree premeditated murder or aiding and abetting*":

> To prove this, the prosecution must prove the following elements beyond a reasonable doubt:
>
> First, that the defendant caused the death of Demetris Perdue, that is*, that Demetris Perdue died as a result of gunshot wounds either by the defendant or that the defendant aided and abetted in that to occur.* (TT 5/22/2002 p 73; see also TT 5/22/2002 pp 75-76, same instruction given as to second degree murder).

What this instruction told the jury was that, if Demetris Perdue died as a result gunshot wounds, which he did, then Mr. Jones caused Demetris Perdue's death and this element was established. A directed verdict in a criminal case is unconstitutional. See *Rose v Clark*, 478 US 570, 578; 106 S Ct 3101; 92 L Ed2d 460 (1986); *People v Gaydosh*, 203 Mich App 235; 512 NW2 65 (1994).

Not only did this instruction direct a verdict or shift the burden of proof on the element of causation, the instruction was exacerbated by the aiding and abetting instruction which returned the jury to the intent instruction discussed in Issue I, *supra*, and incorporated herein; i.e., knowledge as to the principal's intent to commit first degree premeditated murder is sufficient to convict of first degree murder. A criminal defendant is entitled to have all of the elements of the crime submitted to the jury in a charge which is neither erroneous nor misleading. *People v Feezel*, 486 Mich 184; 783 NW2d 67 (2010), citing *People v Pepper*, 389 Mich 317, 322; 206 NW2d 439 (1973).

9

The instructions in this instance, singularly or as a whole, constituted reversible error. The remedy sought is a new trial wherein the jury is instructed as constitutionally required.

### III.   JAMES ALFRED JONES IS ENTITLED TO RELIEF FROM JUDGMENT BECAUSE HE WAS DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL OF CHOICE, WHICH THE UNITED STATES SUPREME COURT HAS DETERMINED TO BE A STRUCTURAL DEFECT AND NOT SUBJECT TO HARMLESS ERROR ANALYSIS AND OTHER PROCEDURAL BARS.

The United States Supreme Court long ago firmly established the principles pertaining to the right to counsel. To be assured of a fair trial firmly federal law holds that a criminal defendant "requires the guiding hand of counsel at every step in the proceedings against him." *Gideon v Wainwright*, 372 US 335, 345; 83 S Ct 792; 9 L Ed2d 799 (1963). Federal law long held that "It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded opportunity to secure counsel of his own choice." *Powell v Alabama*, 287 US 45, 53; 53 S Ct 55; 77 L Ed 382 (1932).

The deprivation of the right to counsel of choice is structural error independent of fairness. *United States v Gonzalez-Lopez*, 548 US 140; 126 S Ct 2557; 165 L Ed 2d 409 (2006). In *Gonzalez-Lopez* the Supreme Court made it clear that the Sixth Amendment right to counsel of choice command is not a command that a particular trial outcome be fair, or that a competent counsel represent the accused, but rather it is a guarantee that the accused be defended by the counsel believed to be best. The right is not unfettered. The accused is not entitled to be represented by an attorney he cannot afford; an attorney who is not willing to represent the accused; an attorney with a conflict of interest; or, other than self-representation, an advocate who is not a member of the bar. *Wheat v. United States*, 486 U.S. 153, 159; 108 S Ct 1692; 100 L Ed2d 140 (1988). While a court may consider the demands of its calendar, the court "must recognize a presumption in favor of [a defendant's] counsel of choice." *Wheat v. United States, supra*.

11

On the first day of Mr. Jones' trial, defense counsel, Attorney Leesa Frederick, told the court that on the preceding Friday Jones and his family had informed her that they had "the intent to retain Mr. Terrell Thomas" and that she should prepare to turn over case documents to Attorney Thomas. Attorney Frederick then told the court that she had spoken with Attorney Thomas, but he had not appeared so "I need to proceed on Mr. Jones' behalf." She told court Judge Jackson that she felt her "advocacy has been diminished" but that she was prepared to go to trial. (TT 5/20/2002 p 3).

In response, the court told Attorney Frederick that it was the day of trial, a jury was waiting, and that he had not been contacted by any attorney about entering the case on behalf of Mr. Jones. Without any further inquiry of Attorney Frederick or any inquiry at all of Mr. Jones, Judge Jackson proceeded to trial commenting that the trial had long been scheduled. Judge Jackson indicated that a jury was waiting and that he had not been contacted by any attorney on this matter. A jury panel was called and told by Judge Jackson that he had a reputation for moving cases along quickly. (TT 5/20/2002 pp 4, 26).

Mr. Jones request to proceed to trial with his counsel of choice was not equivocal. There was no determination of how long, if at all, counsel of choice would have needed to get up to speed and go to trial. While Judge Jackson could rightly claim he had a reputation for moving trials along, and balancing the court calendar is a consideration under *Gonzalez-Lopez*, here, there was no balancing of competing interests by the Court - just a terse denial of the defendant's request. Ironically, after denying the request for counsel of choice, and shortly after the noon recess, trial *was* adjourned because the

12

prosecution's officer-in-charge and most of the prosecution's witnesses - evidence technicians, as well as several major civilian witnesses failed to appear.

Relief in the form of a new trial is required.

IV.   **JAMES ALFRED JONES IS ENTITLED TO RELIEF FROM JUDGMENT BECAUSE HE WAS DENIED HIS SIXTH AMENDMENT RIGHT TO CONFRONTATION BY THE ADMISSION OF HEARSAY TESTIMONY FROM AN EXPERT WITNESS AND BY THE ADMISSION OF A HEARSAY FORENSIC REPORT ADDRESSING A CRITIAL ELEMENT OF THE OFFENSE.**

The Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right and is made obligatory on the States by the Fourteenth Amendment." *Pointer v Texas*, 380 US 400; 85 S Ct 1065; 13 L Ed2d 923 (1965).  Sixth Amendment protections are not so broad as to exclude all hearsay statements, *Maryland v Craig*, 497 US 836, 847-848; 110 S Ct 3157; 111 L Ed2d 666 (1990), they may be admitted *only* if within a firmly rooted exception to a hearsay rule, *Lilly v Virginia*, 527 US 116, 124; 119 S Ct 1887; 144 L Ed2d 117 (1999), *Ohio v Roberts*, 448 US 56, 65; 100 S Ct 2531; 65 L Ed2d 597 (1980), overruled on other grounds, *Crawford v Washington*, 541 US 36; 124 S Ct 1354; 158 L Ed2d 177 (2004).

The United States Supreme Court's March 2004 decision in *Crawford v Washington* overruled in part the *Ohio v Roberts'* rationale that hearsay was admissible under state evidentiary rules as long as there was indicia of reliability.  In *Crawford v Washington*, the Supreme Court bluntly held that testimonial statements are inadmissible absent strict conditions: "[W]here testimonial statements are at issue, the only indicium of reliability is confrontation." *Id*.  These conditions were not met in this case where the pathologists' report was read to the jury.

13

In *Melendez-Diaz v Massachusetts*, 557 US ____; 129 S Ct 2557; 174 L Ed2d 314 (2009), the United States Supreme Court held that expert witnesses reports are subject to the Confrontation Clause prohibition against hearsay.   It is worth noting that Justice Scalia used *autopsy* reports to illustrate why cross examination of forensic analysis is critical to ensure constitutional protection.  See *Melendez-Diaz*, 174 L Ed2d at 326, fn 5.

In *Bullcoming v New Mexico*, 564 US ____; 131 S Ct 2705; 180 L Ed2d 610( 2011), the United States Supreme Court held that the analyst who actually prepared a forensic report must take the stand, and a surrogate witness does not satisfy the Constitutional requirement of Confrontation, when forensic reports are admitted to prove the truth of the matter asserted.  Documents produced in the regular course of business may not be admitted if the regular course of business, if they have a purpose of establishing a past event potentially relevant to later criminal prosecutions.  *Bullcoming v New Mexico,* 131 S Ct at 2714 n 6.

In *People v Dendel (After Second Remand)*, 289 Mich App 445; 797 NW2d 645 (2010), the Michigan Court of Appeals recognized that autopsy reports were forensic reports for purposes of confrontation, were testimonial, and that because of police involvement in the preparation of the autopsy report at issue, the surrogate pathologist should not have testified.  In the course of surveying the legal landscape concerning the right of confrontation and the presentation of autopsy reports, the *Dendel* panel cited *United States v De La Cruz*, 514 F3d 121 (CA 1, 2008) for the proposition that the use of autopsy reports do not violate confrontation rights.  However, it should be noted that the First Circuit has equivocated in its position, specifically noting: "the law has continued to

14

evolve and no one can be certain just what the Supreme Court would say about that issue today. See *Nardi v Pepe*, 662 F3d 107 (CA 1, 2011).

Confrontation Clause precedent as it pertains to autopsy reports has evolved and focuses on police involvement. In Michigan trials, relatives of the deceased testify as to identifying the decedent at the medical examiner's office; autopsies are performed in the presence of police officers who frequently collect bullets, clothing and other evidence at the time of the autopsy. As stated in *Melendez-Diaz v Massachusetts*, "A forensic scientist responding to a request from a law enforcement officer may feel pressure – or have an incentive – to alter the evidence in a manner favorable to the prosecution." 129 S Ct at 2536.

*Crawford v Washington* and its progeny *Melendez-Diaz v Massachusetts*, *Bullcoming v New Mexico*, and *People v Dendel (After Second Remand)*, are applicable to this case. *Crawford v Washington* was decided on March 8, 2004. Mr. Jones' direct appeal was pending and the Court of Appeals' decision was not released until December 14, 2004. Under Michigan jurisprudence, a new rule of constitutional procedure is applicable to cases still on direct review. A new rule is a rule that was not dictated by precedent at the time the conviction became final. A new rule announces a new rule if it overrules a prior decision. See People v Carp, ____ Mich App ____; ____ NW2d ____ (2012). *Crawford v Washington* constitutes such a rule and is applicable here.

Relief in the form of a new trial is requested.

15

V.   **JAMES ALFRED JONES IS ENTITLED TO RELIEF FROM JUDGMENT WHERE DEFENSE COUNSEL VIOLATED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL.**

The Sixth Amendment to the United States Constitution provides in relevant part:

In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defense.

Mr. Jones claims that he was denied his right to the effective assistance of counsel under *Strickland v Washington*, 466 US 688; 104 S Ct 2052; 80 L Ed2d 674 (1984). There is no relevant difference between an act of commission and an act of omission. 466 US at 690. The rights to counsel as provided under the federal and state constitutions address the same concerns and protect the same rights. *People v Hickman*, 470 Mich 602; 684 NW2d 267 (2004); US Const, Am 6; Const 1963, Art 1; §20.

A defendant need not show that it was "more likely than not that the outcome would have been different" ineffectiveness may be established "even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *People v Grant*, 470 Mich 477; 684 NW2 686 (2004).

To make a claim of ineffective assistance of counsel, Mr. Jones must overcome the presumption that counsel's actions were based on reasonable strategy. *Strickland, supra.* However, labeling counsel's errors "strategic" does not shield the performance from Sixth Amendment scrutiny. *Henry v Scully*, 918 F Supp 693, 715 (SDNY 1996); also see *Cave v Singletary*, 971 F2d 1513 (CA 11, 1992).

The performance of counsel at trial may be assessed not *only* for specific errors or omissions but also as a whole. *United States v Cronic*, 466 US 648; 104 S Ct 2032; 80 L

16

Ed2d 657 (1984); *Blackburn v Foltz,* 828 F2d 1177 (CA 6, 1987). As the Supreme Court

stated in the seminal case of *Strickland v Washington*:

> The ultimate focus must be on the fundamental fairness of the proceeding
> whose result is being challenged. 466 US at 696.

In this case the performance of counsel at trial brings the fundamental fairness of

Mr. Jones' criminal prosecution into question. A criminal prosecution does not occur in

stuttering steps, it is a process that must result in a fundamentally fair proceeding. *Id.*

MCR 6.504(B)(1)'s prerequisite that the court review the case file is especially suited to

reviewing trial counsel's performance as a whole, and in its determination of counsel's

performance with respect to Mr. Jones' challenge to his convictions.

Keeping mind the standards referenced above, the core question is "whether better

lawyering would have produced a different result." *McQueen v Scroggy*, 99 F3d 1302,

1311 (CA 6, 1996). This court is asked to consider the following acts/omissions of trial

counsel as justifying a finding of ineffectiveness of trial counsel:

A. *Counsel should have objected to the aiding and abetting and causation*

*instructions for the reasons set forth in Issues I and II, supra.* "A criminal defendant is

entitled to have a properly instructed jury consider the evidence against him." *People v*

*Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). Due to counsel's ineffective

performance, the elements of the crime were submitted to the jury in a charge which was

either erroneous or misleading. See *People v Feezel*, 486 Mich 184; 783 NW2d 67 (2010).

B. *Counsel failed to protect her client's right to counsel of choice.* As

discussed in Issue III, *supra*, Mr. Jones asserted his right to counsel of choice and counsel

expressly noted that she felt her "advocacy has been diminished". While counsel did bring

Mr. Jones' concerns to the attention of the Court, her performance in this regard was

deficient. Had counsel bothered to have questioned the prosecution's preparedness for trial, she would have known that the case was not going to go to trial that day and adjusted her request accordingly. Even after finding out that trial was going to be suspended for the day, she failed to renew Mr. Jones' request.

C.     *Counsel should have objected to a jury improperly sworn.* In this case after selecting a jury the prosecutor informed the court that he had no witnesses. Instead of delaying the trial, Judge Jackson decided to move things along and allow opening arguments by both parties and then swear in the jury the following day, before the first witness took the stand. Counsel failed to object. Criminal defendants have a due process right to a fair and impartial jury trial in state courts, *Croppi v Wisconsin,* 400 US 505; 91 S Ct 490; 27 L Ed2d 571 (1971); US Const Amend XVI.

Toward that end, MCL 768.14 and MCR 6.412(F) prescribe juror oaths. The process of swearing jurors is controlled by MCR 6.412(F), which states that after the jury is selected, but before trial begins, the court must have the jurors sworn and give them appropriate preliminary pretrial instructions. It has been held that the oath after jury selection is not a mere formality, and its omission may be grounds for reversal: *"This duty is not just a final duty to render a fair verdict in accordance with the law, but the duty to act in accordance with the law at all stages of the trial." People v Pribble,* 72 Mich App 219; 249 NW2d 363 (1976). The Michigan Supreme Court has held that summations of counsel are critical stages of a criminal trial. *People v Mallory,* 421 Mich 229, 229; 365 NW2d 673 (1984).

When an attorney fails to take adequate steps to protect client rights or the trial record for success on appeal by not objecting to fundamental errors, such omissions

can deny effective assistance of counsel. *Corsa v Anderson*, 443 F Supp 176 (ED MI 1977); *Gravley v Mills*, 87 F3d 779 (CA 6, 1996). In this case, defense counsel's ineffectual objections or the failure to object at all was ineffective assistance of counsel.

As noted in the standards of review portion of this issue, the core question is "whether better lawyering would have produced a different result." *McQueen v Scroggy*, 99 F3d 1302, 1311 (CA 6, 1996). The answer in this case is a resounding, "Yes."

There is more than a reasonable probability that had counsel's acts/omissions as set forth above not occurred, Mr. Jones would have had more than a reasonable likelihood of acquittal as required by MCR 6.508(D)(3)(b).

Relief in the form of a new trial, with the assistance of effective counsel is requested. In the alternative, a hearing pursuant to MCR 6.508(C) is requested. Either way, relief from judgment is required.

## VI. JAMES ALFRED JONES IS ENTITLED TO RELIEF FROM JUDGMENT BECAUSE HE WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL ON HIS DIRECT APPEAL.

The right to counsel is the right to the *effective* assistance of counsel. *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984), including the right to effective assistance of counsel on appeal *Evitts v Lucey*, 489 US 387; 105 S C t 830; 83 L Ed2d 821 (1985); *Joshua v DeWitt*, 341 F3d 430 (CA 6, 2003). Again, this court should keep in mind that a defendant need not show that it was "more likely than not that the outcome would have been different" ineffectiveness may be established "even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *People v Grant*, 470 Mich 477; 684 NW2d 686 (2004).

Mr. Jones recognizes that appellate counsel is not required to raise all non-frivolous issues, *Jones v. Barnes*, 463 U.S. 745; 103 S Ct 3308; 77 L Ed2d 987 (1983).  However, *Jones v Barnes* does *not* say that counsel's selection of issues on appeal is beyond scrutiny:

> Were it legitimate to dismiss a claim of ineffective assistance of counsel on appeal solely because we found it improper to review appellate counsel's choice of issues, the right to the effective assistance of counsel on appeal would be worthless.  *Gray v Greer*, 800 F2d 644, 646 (CA 6, 1986).

Mr. Jones submits that the failure of appellate counsel to submit (or properly submit on direct appeal) the issues presented herein was ineffective assistance of appellate counsel. While it is true that winnowing out issues and issue presentation is a discretionary task accorded to appellate counsel, exercising that discretion must be made with reasoned professional judgment, not merely made slapdash or as a matter of expediency.  It is also an attorney task that is reviewable by this Court.  *Gray v Greer, supra.*

As a substantive claim, appellate counsel's performance constituted a Sixth Amendment violation and a relief from judgment should be granted.

As a procedural claim, it is worth noting that M.C.R. 6.500 had been promulgated well before this appeal and that competent counsel would have been aware that by "winnowing" out issues she would subject any omitted issues to the harsh requirements of cause and prejudice, thus adding heightened importance to the issue selection process.

Adequate counsel would also have been aware that by failing to include these issues in the direct appeal counsel was exposing his client to procedural default in both state and federal court.  These issues did not detract from those presented nor place the pleading beyond some court rule boundary.  Given the significant potential benefit to the client, and the insignificant costs – strategic or otherwise – required to preserve these claims for later federal court review, adequate counsel would not have ignored the issues presented herein.

It is not as if counsel's client was serving a sentence fashioned to deter the client from bad behavior in the near future, the client was a young man being sent to prison the remainder of his life.  Mr. Jones is not claiming that his attorney was altogether ineffective.

Mr. Jones would refer this court to a statement made by United States District Court Judge Arthur Tarnow in a case in which Judge Tarnow found counsel was ineffective:

> In reaching this conclusion, the Court notes that … counsel's error, although constituting ineffective assistance, does not evidence a lack of commitment or conscientiousness. . . . counsel's failure does not reflect negatively on his abilities; rather, it reflects that a conscientious attorney can make mistakes which prejudice his client.  *Davis v Booker*, 594 F Supp2d 802 (ED MI, 2009).[2]

Relief in the form of issue review is requested.

Appellate History & Representation Per MCR 6.502(C) (9) & (10)

13.    A summary of Mr. Jones appellate history and prior representation per MCR 6.502(9) and (10) is as follows:

a.    The Michigan Court of Appeals affirmed the convictions and sentences on direct appeal.  *People v James Alfred Jones*, per curiam opinion of the Court of Appeals, Issued December 14, 2004 (Docket No 244062).  All proceedings complete.

b.    An application seeking leave to appeal the issues raised in the Court of Appeals was made to the Michigan Supreme Court.  The Court by standard order denied leave to appeal. *People v James Alfred Jones*, Order of the Court, Issued August 30, 2005 (Docket No 127970). All proceedings complete.

c.    Attorney Leesa A. Frederick (P53372) represented Mr. Jones at the trial court level.  SADO Attorney Jacqueline J. McCann (P58774) provided representation in the Michigan Court of Appeals and in Michigan Supreme Court.

---

[2]    The finding of ineffectiveness was reversed at *Davis v Booker,* 589 F3d 302 (CA 6, 2009).  Judge Tarnow's holding that even conscientious attorneys can make serious mistakes that prejudice their clients was left undisturbed.

## SUMMARY AND RELIEF SOUGHT

WHEREFORE, for these said reasons, Defendant-Appellant JAMES ALFRED JONES, (#362351), respectfully request that this Honorable Court grants leave to appeal and review the issues on their Sixth Amendment merit of ineffective assistance of both trial and appellate counsels; and thereafter either set aside the convictions or alternatively, remand to the lower court for an evidentiary Ginther hearing

Respectfully submitted

**James Alfred Jones, (#362351)**
Defendant-Appellant appearing propria persona
E.C Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444-2665

Dated: **February 8, 2014**

RECEIVED
2014 MAR 10 AM 10:28
COURT OF APPEALS
DETROIT OFFICE

# STATE OF MICHIGAN

# IN THE THIRD CIRCUIT COURT FOR THE COUNTY OF WAYNE

# CRIMINAL DIVISION

PEOPLE OF THE STATE OF MICHIGAN,

        *Plaintiff,*

v.                                              Case No: 01-013853-01-FC
                                                Hon. Dana Margaret Hathaway
                                                Successor to the
                                                Hon. Thomas E. Jackson

JAMES ALFRED JONES,

        *Defendant.*

_____/

## ORDER DENYING MOTION
## FOR RELIEF FROM JUDGMENT

At a session of Court held at the Fran   Murphy Hall
of Justice in the City of Detroit, Wayne County,
Michigan, on: _____ **AUG 0 8 2013** _____
PRESENT: ~~HON. DANA MARGARET HATHAWAY~~

This matter comes before the Court on the defendant's motion for relief from judgment

pursuant to MCR 6.500 et seq.  The Court being advised in the premises and after a review of the

court record finds and orders as follows:

After a jury trial the defendant was convicted of first-degree murder, MCL 750.316; three

counts of assault with intent to murder, MCL 750.83; being a felon in possession of a firearm,

MCL 750.224f; and felony firearm, MCL 750.227b on May 22, 2002.  He was sentenced to life

without parole for the murder conviction, fourteen years and three months to twenty-five years for

the assaults, two to five years for the felon in possession, all to be served consecutive to two years

for the felony firearm conviction.  The defendant filed a motion before the trial court for a new

trial and an evidentiary hearing alleging he was denied effective assistance of counsel when his

attorney failed to call alibi witnesses, failed to challenge the identification testimony and failed to

1

call the defendant to testify at the pre-trial hearing and trial.  The trial court denied the motion in a

written opinion on January 15, 2004.  His conviction was affirmed by the court of appeals on

December 14, 2004 and leave to appeal was denied by the Supreme Court on August 30, 2005.

### Standard of Review

The standard of review for a motion brought under MCR 6.500 et seq is de novo.

However, before this court may grant the defendant's motion for relief the defendant must

establish that he is entitled to relief under MCR 6.508(D).  The court may not grant relief to the

defendant if the motion (1) seeks relief from a judgment of conviction and sentence that still is

subject to challenge on appeal; (2) alleges grounds for relief which were decided against the

defendant in a prior appeal, unless the defendant establishes that a retroactive change in the law

has undermined the prior decision; (3) alleges grounds for relief, other than jurisdictional defects,

which could have been raised on appeal, unless the defendant demonstrates (a) good cause and (b)

actual prejudice.  The court may waive the "good cause" requirement if it concludes that there is a

significant possibility that the defendant is innocent of the crime.  Furthermore, Michigan statute

MCL §769.26; MSA §28.1096, provides that judgments or verdicts shall not be reversed absent a

miscarriage of justice.

Citing to *People v Jackson*[1], the defendant argues that this court should avoid ruling on

whether he has good cause for failing to present these claims in his prior appeals because he

alleges he was prejudiced by the errors at trial and on appeal.  The defendant argues that the court

should review his motion under the prejudice prong first before determining the issue of good

cause.  To avoid the bar against granting post-judgment relief, a criminal defendant must

demonstrate good cause for failure to raise the grounds for such relief on appeal or in the prior

motion *and* demonstrate actual prejudice from the alleged irregularities that support the claim for

---

[1] *People v Jackson*, 429 Mich 133 (1987)

relief.[2]  To demonstrate prejudice under MCR 6.508(D)(3), a defendant must show that " 'but for

the alleged error,' [he] 'would have had a reasonably likely chance of acquittal,' " or that " 'the

irregularity was so offensive to the maintenance of a sound judicial process that the conviction

should not be allowed to stand regardless of its effect on the outcome of the case....'[3]

**Issue I:        Aiding and Abetting Statute Violates Due Process**

The defendant argues that Michigan's aiding and abetting statute violates due process by

allowing the jury to convict this defendant of first-degree murder and assault with intent to murder

without finding that he had the requisite specific intent to kill.  The defendant also contends that

the jury instruction on aiding and abetting wrongfully allows the jury to convict on a finding that

the defendant had the specific intent to kill or participated in the crime while knowing that the co-

participants possessed the specific intent necessary under the substantive statutes.

Michigan's aiding and abetting statute[4] states:

> Every person concerned in the commission of an offense, whether he directly
> commits the act constituting the offense or procures, counsels, aids, or abets in
> its commission  may hereafter be prosecuted, indicted, tried and on conviction
> shall be punished as if he had directly committed such offense.

The Michigan Supreme Court described the three elements necessary for a conviction under an

aiding and abetting theory:  "(1) the crime charged was committed by the defendant or some other

person; (2) the defendant performed acts or gave encouragement that assisted the commission of

the crime; and (3) the defendant intended the commission of the crime or had knowledge that the

principal intended its commission at the time that the defendant gave aid and encouragement."[5]

The Court reaffirmed that evidence of defendant's specific intent to commit a crime or knowledge

of the accomplice's intent constitutes sufficient mens rea to convict under the aiding and abetting

---

[2] MCR 6.508(3)(a) and (b).
[3] *People v McSwain*, 259 Mich App 654, 688 (2003), quoting MCR 6.508(D)(3)(a) and (b) subsection (i) and (ii).
[4] MCL 767.39
[5] *People v Moore*, 470 Mich 56, 67–68 (2004), quoting *People v Carines*, 460 Mich 750, 768 (1999).

3

statute.  The Court also made it clear that evidence of a shared specific intent to commit the crime

of an accomplice is not the exclusive way to establish culpability under the aiding and abetting

statute.[6]

The defendant asks this court to rule on the constitutionality of the aiding and abetting

statute.  That is not the task of this court.  Under the subchapter of the court rules that governs this

post-conviction appeal this court is limited to review the trial record for prejudicial error in the

proceedings.  This court finds there was no error in the court giving the aiding and abetting

instruction in this case.  The defendant's misplaced request for a ruling on whether the aiding and

abetting statute is constitutional is denied.

## II:   Instructional error on causation element

The defendant alleges that the trial court's instruction on the elements of first degree

murder was a de facto directed verdict on the element of causation.  The defendant alleges that the

trial court instructed the jury that if the victim died of gunshot wounds then the defendant caused

the victim's death.  The defendant refers back to his first allegation that the aiding and abetting

statute violates due process.

The trial court gave the appropriate instruction regarding aiding and abetting and properly

instructed the jury on all the elements of premeditated first degree murder that the prosecutor must

prove beyond a reasonable doubt.  The defendant's contorted reasoning challenging the trial

court's instructions to the jury doesn't pass that smell test.  Because the defendant's argument

regarding the constitutionality of the aiding and abetting statute cannot be reached by this court, it

follows his claim that the instructions on aiding and abetting premeditated first degree murder was

erroneous must fail in this appeal.

## III:   Defendant was denied attorney of his choice in violation of Sixth Amendment

---

[6] *People v Robinson*, 475 Mich 1 (2006).

The defendant complains that he was denied the counsel of his choice in violation of his Sixth Amendment rights. On the morning of trial his attorney informed that court that on the Friday before the trial was to begin the defendant's family informed her that they intended to hire a new attorney. The defendant's trial attorney stated that she had spoken to the attorney but the new attorney did not appear. The trial attorney stated that she was prepared to proceed to trial as scheduled. The defendant's alleged new counsel never appeared for the trial, never contacted the court and never filed an appearance.

The right to counsel of choice does not extend to defendants who require counsel to be appointed for them.[7] The high court has long recognized a trial court's wide latitude in balancing the right to counsel of his choice against the needs of fairness and against the demands of its calendar.[8] The defendant was represented by a competent attorney at his trial and he did not provide the court with any specific complaint such that the court could find a breakdown in the attorney client relationship that would require another attorney to take over the case. The defendant had ample time to procure an attorney of his choice at his expense before the trial was scheduled to begin. The attorney who was supposed to appear on his behalf never even appeared to ask for an adjournment of the trial so he could prepare. There was no error in the court's decision to continue to trial with the appointed attorney who stated she was prepared to proceed. The defendant's claim of a violation of his right to counsel of his choice is without merit.

**IV:    Defendant's right to confront witnesses was violated**

The defendant alleges that he was denied the right to confront the witness who prepared the forensic report in violation of his Sixth Amendment right. He relies on *Crawford v Washington*[9] to

---

[7] *US v Gonzalez-Lopez*, 548 U S 140; 126 S Ct 2557 (2006).
[8] *Morris v Slappy*, 461 U S 1, 11-12, 103 S Ct 1610 (1983).
[9] 541 US 36; 124 S Ct 1354 (2004).

argue that the autopsy report was a testimonial document and that he should have been allowed to cross examine the expert who prepared it.

The holding in *Crawford* applies retroactively to cases that were pending on appeal at the time the Supreme Court's opinion was issued.[10] This defendant's case was on direct review when *Crawford* was handed down. However, before finding that the error requires reversal of the conviction, this court must examine the erroneous admission of the forensic pathologist's testimony under the under the plain error doctrine.[11]

"Plain error review" involves three prongs: (1) there must be an error or defect; (2) it must be clear or obvious; and (3) it must have affected the appellant's substantial rights, which generally requires a showing of prejudice that affected the outcome of the proceedings.[12] If the three other prongs are satisfied, the court must decide if the error "'seriously affected the fairness, integrity or public reputation of judicial proceedings."[13] Reversal is only required if the error is prejudicial and the appropriate inquiry "focuses on the nature of the error and assesses its effect in light of the weight and strength of the untainted evidence."[14] The burden is on the defendant to show that a constitutional error resulted in a miscarriage of justice.[15]

The defendant asserts that he should be granted a new trial because the holding of *Crawford* applies to his case where the forensic pathologist who testified was not the forensic pathologist who prepared the report. The defendant cites several cases that support his contention that the *Crawford* analysis should be used in this review, however, the defendant's brief is bereft of any analysis relating to how he was prejudiced at trial because of the alleged error. The

---

[10] *People v Bell*, 264 Mich App 58, 62 (2004); *People v McPherson*, 263 Mich App 124, 135 n. 10 (2004).
[11] *People v Carines*, 460 Mich 750, 765 (1999).
[12] *Carines*, 460 Mich at 763 (1999); citing *United States v Olano*, 507 U S 725, 113 S Ct 1770 (1993).
[13] Id.
[14] *People v Lukity*, 460 Mich 484, 492 (1999); citing *People v. Mateo*, 453 Mich 203, 206 (1996).
[15] Id at 493-4.

defendant entirely failed to allege that he was prejudiced by the admission of the testimony and it is not this court's duty to create the defendant's argument for him. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, . .."[16] Such cursory treatment constitutes abandonment of the issue. [17] Furthermore, the crucial issue in this case was the identity of the shooter therefore the forensic evidence found in the medical report was not outcome determinative.

## V. and VI    Ineffective assistance of trial counsel and appellate counsel

In order to establish ineffective assistance of counsel, a defendant must demonstrate (1) that counsel's performance was below an objective standard of reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 687; 104 SCt 2052 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *People v Carbin*, 463 Mich 590, 600 (2001); *People v Pickens*, 446 Mich 298 (1994). Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. *People v Stanaway*, 446 Mich 643, 687 (1994). To support a claim that appellate counsel's failure to raise meritorious issues on appeal denied him guaranteed constitutional rights, the defendant must show that his appellate counsel's performance fell below an objective standard of reasonableness and that appellate counsel's representation was constitutionally deficient. *People v Reed*, 449 Mich 375; 535 N.W.2d 496 (1995); *People v Pickens,* supra.

The defendant alleges that he was denied effective assistance of counsel when his trial attorney failed to object to the aiding and abetting and causation instructions as he set forth in his

---

[16] *People v Watson*, 245 Mich App 572, 587 (2001).
[17] Id.

previous claims I and II.  Because this court has found that there was no error in the jury instructions regarding the application of the aiding and abetting instructions, it is axiomatic that this claim must be denied.

The defendant alleges that his trial attorney failed to protect his right to the counsel of his choice.  This court held above that the defendant was represented by a competent attorney at his trial, he did not provide the court with any specific complaint of a breakdown in the attorney client relationship, he had ample time to procure an attorney of his choice at his expense before the trial was scheduled to begin, and the attorney who was supposed to appear on his behalf never even appeared to ask for an adjournment of the trial so he could prepare.  There was no error in the court's decision to continue to trial with the appointed attorney was prepared to proceed.  The claim of ineffective assistance on this issue has no merit.

The defendant alleges that his jury was improperly sworn after the presentation of opening statements and that his attorney was ineffective when she failed to object.  The defendant alleges that without his trial attorney's ineffectual conduct he would have had more than a reasonable likelihood of acquittal at his trial.  An error such as an unsworn jury would be a constitutional violation, indeed.  The error would be reviewable under the plain error standard as described above.  Again, the defendant has failed utterly to show how he was prejudiced by the trial court's alleged decision to swear in the jury after the opening statements but prior to the presentation of evidence.  The issue is deemed inconsequential.

Furthermore, the defendant's allegation that he would have likely been acquitted is not supported by the testimony of witnesses who identified the defendant as the driver of the car that drove by a group of people twice and showered the crowd with bullets resulting in the wounding of one and the death of another.  The defendant has not carried his burden to show that his trial was unfair or that an innocent person was wrongly convicted.

8

The defendant alleges that his appellate attorney was ineffective for failing to present these claims in his direct appeal.  This court has reviewed the defendant's claims and had found them to be lacking in merit.  The defendant's appellate attorney was not ineffective for failing to present these claims in his direct appeal.

### Conclusion

The defendant has not shown that his trial was unfair, or he had a reasonable likelihood of acquittal or that the conviction was a result of a miscarriage of justice.  The defendant has not shown how any of the alleged errors resulted in prejudice at his trial.  The defendant's motion for relief from judgment is hereby denied.

HON. DANA MARGARET HATHAWAY
_____
Hon. Dana Margaret Hathaway

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK

BY

DEPUTY CLERK

9

*LAW OFFICES OF::*
# LEESA R. FREDERICK, P.L.L.C
719 GRISWOLD, SUITE # 1404
DETROIT, MI 48226
TELEPHONE: 1.877.497.1950
TELEFAX:    313.934.4110

DIANE JONES AND JAMES A. JONES @ WCJ
16702 LAHSER ROAD                                    March 15, 2002
DETROIT, MI 48219

---

*FOR PROFESSIONAL SERVICES*
RE:                    STATE of MICHIGAN  —vs—  JAMES A. JONES
CASE # :              01 069486        HOMICIDE
CASE # :              99 066517      POS/CNSB <25 DISMISSED ( NO PAYMENT RECEIVED )
**RECEIVED OF:**        **GERALD JENKINS**
                       **$ 4.000.00 ( four thousand dollars)**
                       November 26th, 2001  ON AOI DATE
RECEIVED OF:          DIANE JONES
                       $ 300.00    ( three hundred dollars)
                       December 19th 2001
                       $ 700.00     ( seven hundred dollars)
                       December 21st, 2001
                       $ 500.00    ( five hundred dollars )
                       January 18th 2002
RECEIVED OF:          ANEESA BROADNAX
                       $ 300.00    ( three hundred dollars )
                       February 7th 2002
***Total Received as of March 15th 2002 =  $ 5,800.00 ( five thousand - eight hundred dollars )
BALANCE DUE FOR JANUARY 2002 =        $   200.00 (TWO HUNDRED DOLLARS)
BALANCE DUE FOR FEBRUARY 2002 =    $ 1,000.00  ( ONE THOUSAND DOLLARS)
BALANCE DUE FOR MARCH 2002 =        $ 1,000.00 ( ONE THOUSAND DOLLARS)
PROCESS SERVER PAYMENT DUE=        $   135.00 ( ONE HUNDRED AND THIRTY- FIVE dollars)
COST OF EXAM TRANSCRIPT DUE =      $   120.00 ( ONE HUNDRED AND TWENTY DOLLARS)
HEARING TRANSCRIPT DUE =           $   TBD
 *** **TOTAL AMOUNT PAST DUE AS OF MARCH 15TH 2002:**
$ 2, 455.00 ( TWO THOUSAND FOUR HUNDRED AND FIFTY-FIVE DOLLARS PLUS THE COST OF
TRANSCRIPT FROM " WADE HEARING " BEGUN ON MARCH 8TH 2002  ADJURNED TO MARCH 22ND,
2002.
THIS ACCOUNT MUST BE BROUGHT CURRENT BY MARCH 22ND, 2002 OR WE WILL BE FORCED
TO WITHDRAW.  OUR AGREEMENT HAS BEEN CONTINUOUSLY BREACHED BY YOU AND THOUGH
WE HAVE BEEN PATIENT THERE IS NOTHING FURTHER THAT CAN BE DONE TO ACCOMMODATE
YOU.   PAYMENTS OF $ 1,000.00 ( ONE THOUSAND DOLLARS ) PLUS ALL ASSOCIATED COSTS
WERE TO BE PAID ON OR BEFORE THE 15TH OF EACH MONTH, THIS HAS NOT BEEN DONE!!
SHOULD WE BE FORCED TO WITHDRAW FOR NON-PAYMENT WE WISH YOU THE BEST OF LUCK
IN ADVANCE.
BAL DUE:                $ 4,200.00    ( FOUR THOUSAND TWO HUNDRED DOLLARS )**
ASSOCIATED COSTS:    $   255.00    ( TWO HUNDRED FIFTY - FIVE DOLLARS )
PLUS WADE TRANSCRIPT: TBD
FOR:                    TRIAL ON CASE # 01 069486
**WE WILL ALLOW YOU TO BRING THE ACCOUNT CURRENT IF YOU DO SO BY 3/22/02**

Sincerely,

Leesa R. Frederick, Esq.

cc Client File

CLIENT COPY

end is therefore non-refundable. The Client further understands that such funds are not held in trust for The Client, but shall belong to The Firm and shall be utilized by The Firm immediately.

The Attorney fee charged includes the following services:

- a.)    Consultation w/ The Client,  ie. Jail or office visits
- b.)    Analysis of  The Clients potential defenses  and rendering advice and assistance in determining the manner in which The Client might be vindicated.
- c.)    Preparation and forwarding correspondence with the State's Representative's (both the Prosecution and DPD) this includes negotiation on Defendant's behalf.
- d.)    Interview The Client's Witnesses and or take sworn Statements of the same.
- e.)    Attempt out of court resolution ( Settlement ) on behalf of  The Client where feasible and appropriate.

The Attorney Fee DOES NOT  include Additional or Supplemental Services or any activity not listed above.

If any additional or supplemental services are performed, such services shall be billed to The Client at an hourly rate of $ 150.00, plus any related reimbursable expenses.  Provided further, depending upon the nature of the Additional or Supplemental Services, The Client may be required to put forth a retainer against which hourly charges may be readily deducted. In such circumstance, The Client will be advised of the amount of the retainer required. Any other costs shall be owed as incurred or in the discretion of The Firm, may be required to be paid prior to being incurred. The Firm is hereby authorized to incur reasonable costs. Some examples include but are not limited to copy costs, postage costs and long distance phone calls made in conjunction with the case and those costs are billed at the same costs as incurred by The Firm.

Client acknowledges that questions or objections regarding billing must be made in writing and addressed to The Firm within ( 30 ) days of the date of billing.  All bills forwarded to which no question and/ or objection has been submitted in writing by Client within the prescribed time shall be determined accurate and due.   Failure of The Client to pay attorney fees and costs as agreed shall give The Firm the option to withdraw as Client's attorney. The Client agrees to pay all costs of collection, including reasonable attorney fees and all other costs incurred in collecting from Client.  The Firm is hereby granted an attorney's fee charging lien on all real and personal property, monies, including assets, or other things of value which are recovered, obtained, preserved, or protected for the Client in the course of representation to the extent permitted by law.

The Client acknowledges that The Firm is not held responsible for any fees or liabilities incurred if requested information and/or documentation has not been provided by Client in the prescribed time and manner.

Any check written by The Client to The Firm and subsequently returned to The Firm after deposit shall result in a returned check charge of $25.00, which shall be added onto the Client's account and shall be due immediately.

All of the Firm's work product will remain the property of the Firm.  At the conclusion of the Client's matter, Client may have the contents of the file other than the attorney's personal notes, brief, and other work product the Firm deems necessary to retain.  If Client chooses to leave all or part of the file in The Firm's possession, The Firm will have the authority to destroy Client's file within two ( 2 ) years of the date work was completed on the file.

Client understands that The Firm nor any of its personnel has made any guarantees as to the disposition of any aspect of the Client's matter and that all statements made by the Firm are only opinions. Client understands that The Firm does not represent itself to have any specific expertise in insurance law, but is a general practice firm.

It is understood that this Retainer Agreement does not require The Firm to represent the Client in any other actions or an appeal of any judgment rendered by a court of law.  Further that any attorney engaged by the

Firm may appear at Court on behalf of Client and any attorney, legal assistant and/ or secretary of The Firm may provide services in connection with this agreement and its underlying subject matter.

Client understands that this is the complete and exclusive statement of the agreement between the parties, which supersedes all proposals or prior agreements whether oral or written, and all communications between the parties. The Client agrees to fully cooperate with The Firm and to keep it informed with regard to all pertinent matters relating to this case.

THE CLIENT HAS BEEN ADVISED TO READ THIS DOCUMENT BEFORE SIGNING AND ACKNOWLEDGES RECEIPT OF A COPY OF THE AGREEMENT. THE CLIENT UNDERSTANDS THAT UPON SIGNING THIS DOCUMENT, SUCH SIGNATURE SHALL CONCLUSIVELY AFFIRM HIS AND /OR HER UNDERSTANDING AND AGREEMENT TO ALL MATTERS SET FORTH ABOVE. REGARDING THIS DOCUMENT, CLIENT IS ADVISED TO ASK ANY AND ALL QUESTIONS AND TO E PRESS ANY CONCERNS PRIOR TO AFFIXING HIS AND/ OR HER SIGNATURE BELOW.

Dated: 3/14/02 , 2002

LEESA R. FREDERICK, P.L.L.C.

Attorney

CLIENT(S)

MICHIGAN DEPARTMENT OF CORRECTIONS

**DISBURSEMENT AUTHORIZATION (EXPEDITED LEGAL MAIL - PRISONER)**

4835-3318
CSJ-318   05/02

**Please PRINT clearly Illegible and/or incomplete forms will not be processed.**

A. Otie _____ E.C. Brooks Correctional Facility
Lock                                    Institution

362351
Prisoner Number

James Jones
Prisoner Name (Print Clearly)

☐ Legal Postage   ☐ Filing Fee  $ _____   ☐ Certified Mail (Must Be a Court Ordered Requirement)

☐ New Case   ☐ Case Number   2001-013853-AV

Pay To: _____

Mailing Address: Clerk of the Court Michigan Court of Appeals
First District West Grand Blvd 3020
Suite 14-300
Detroit MI 48202

**The following section must be completed in Authorizing Staff Member's presence.**

Prisoner Signature: James D Jones   Date & Time Submitted: 2/5/14   1000

Print Name/Title: K. Sherman Rum   Staff Signature: K. Sherman

Date & Time Received by Authorizing Staff: 2/5/14

**Authorization Denied:**

☐ Does not meet definition of legal mail or court filing fee as identified in CFA OP 05.03.118.

☐ Not hand delivered to authorizing staff member.     ☐ New case or case number not on form.

☐ Does not include court order for handling as certified mail.     ☐ Other _____

☐ Prisoner refused to sign & date in staff member's presence.

**Section below to be completed by Mail Room Staff**

Placed in Mail by
(Print Name & Title): Okoud     Signature: Okoud

Postage Amount: $ 1.82   Date & Time placed in outgoing Mail: 3/7/14   9:00

**Only Business Office Staff are to Write in the Section Below**

| Obligation Amount | | Actual Expense | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

☐ Court filing Fee Denied due to NSF.

Date Posted: _____

Date & Time Copy Sent to Prisoner: _____

Processed By
(Print Name & Title): _____     Signature: _____

DISTRIBUTION:   White - Prisoner Accounting   Canary - Prisoner   Pink - Counselor's File   Goldenrod - Prisoner