## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMES JONES,

                Petitioner,                    Case Number: 2:15-CV-13010
                                                          HON. SEAN F. COX

v.

MARY BERGHUIS,

                Respondent.
_____/

### OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner James Jones, a Michigan state prisoner currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his convictions for first-degree premeditated murder, Mich. Comp. Laws § 750.316, three counts of assault with intent to murder, Mich. Comp. Laws § 750.83, possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, and felon in possession of a firearm, Mich. Comp. Laws § 750.224f. Respondent has filed a motion for summary judgment, arguing that the petition should be denied because it is untimely. For the reasons stated herein, the Court finds the petition for a writ of habeas corpus is untimely and grants the Respondent's motion. The Court also declines to issue Petitioner a certificate of appealability, and grants him leave to proceed on appeal *in forma pauperis*.

## I. Background

Petitioner's convictions arise from a drive-by shooting that occurred in Detroit on November 15, 2001.  A group of people were standing on a front porch in front of Ahmad Akins' house when a man seated in the backseat of an Oldsmobile Aurora fired 20 to 30 rounds from an AK-47 into the crowd.  Akins was struck on the head but survived.  Another man, Demetris Perdue, died from two gunshot wounds.  At trial, Petitioner was identified as the driver of the car.

Petitioner was convicted by a jury in Wayne County Circuit Court as set forth above.  On June 20, 2002, he was sentenced to life imprisonment for the first-degree murder conviction, 14 years and 3 months to 25 years' imprisonment for each of the assault with intent to murder convictions, 2 years' imprisonment for the felony-firearm conviction, and 2 to 5 years' imprisonment for the felon in possession of a firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals.  The Michigan Court of Appeals affirmed Petitioner's convictions and sentences.  *People v. Jones*, No. 244062, 2004 WL 2877328 (Mich. Ct. App. Dec. 14, 2004).  Petitioner sought leave to appeal in the Michigan Supreme Court.  The Michigan Supreme Court denied leave to appeal.  *People v. Jones*, 474 Mich. 853 (Mich. Aug. 30, 2005).

On May 24, 2013, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion.  *See* 8/8/13 Order, ECF No. 8-18.  The Michigan Court of Appeals denied Petitioner's application for leave to appeal because it was not timely filed. *People v. Jones*, No. 320777 (Mich. Ct. App. March 20, 2014), ECF No. 8-22.  Petitioner then filed an application for leave to appeal to the Michigan Supreme Court.  On November 25, 2014,

the Michigan Supreme Court denied leave to appeal. *People v. Jones*, 497 Mich. 903 (Mich. Nov. 25, 2014).

Petitioner filed the pending habeas petition on August 1, 2015. Respondent has filed a motion for summary judgment on the ground the petition was not timely filed.

## II. Discussion

### A.

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 251-52 (1986).

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is

3

unable to meet his or her burden of proof, summary judgment is clearly proper.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**B.**

Respondent argues that the petition is barred by the one-year statute of limitations.  A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(A) & (D).  The one-year limitation period begins at the expiration of the deadline for filing a petition for a writ of certiorari to the United States Supreme Court.  *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period.  28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007).  A properly filed application for state post-conviction relief, while tolling the limitation period, does not re-fresh the limitation period.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court.  The Michigan Supreme Court denied his application for leave to appeal on August 30, 2005.  Petitioner had ninety days from August 31, 2005, to file a petition for writ of certiorari with the United States Supreme Court, which he did not do.  Thus, his conviction became final on November 29, 2005, when the time period for seeking certiorari expired.  *Bronaugh*, 235 F.3d at 283 (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme

4

Court has expired).  The last day on which a petitioner can file a petition for a writ of certiorari

in the United States Supreme Court is not counted toward the one-year limitations period

applicable to habeas corpus petitions.  *Id.* at 285.  Accordingly, the limitations period

commenced on November 30, 2005, and continued to run, uninterrupted, until it expired one

year later.

Petitioner argues that the limitations period should be equitably tolled because he is

actually innocent.  To be entitled to equitable tolling, a petitioner must show "'(1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way' and prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007),

*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  A credible claim of actual innocence

may equitably toll the one-year statute of limitations.  *See Souter v. Jones*, 395 F.3d 577, 588-90

(6th Cir. 2005).  To determine whether a petitioner has satisfied the requirements for establishing

a cognizable claim of actual innocence to warrant equitable tolling, the Court applies "the same

actual innocence standard developed in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995), for

reviewing a federal habeas applicant's procedurally defaulted claim."  *McCray v. Vasbinder*, 499

F.3d 568, 571 (6th Cir. 2007), *citing Souter*, 395 F.3d at 596.  A valid claim of actual innocence

requires a petitioner "to support his allegations of constitutional error with new reliable evidence

– whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical

physical evidence – that was not presented at trial."  *Schlup*, 513 U.S. at 324.  "The *Schlup*

standard is demanding and permits review only in the 'extraordinary' case."  *House v. Bell*, 547

U.S. 518, 538 (2006) (citation omitted).  A court presented with new evidence must consider it in

light of "all the evidence, old and new, incriminating and exculpatory, without regard to whether

5

it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.*, 547

U.S. at 538 (citation omitted).  "Based on this total record, the court must make 'a probabilistic

determination about what reasonable, properly instructed jurors would do.'" *Id.* (*quoting Schlup*,

513 U.S. at 329).  This standard does not require absolute certainty about the petitioner's guilt or

innocence:

> A petitioner's burden at the gateway stage is to demonstrate that more likely than
> not, in light of the new evidence, no reasonable juror would find him guilty
> beyond a reasonable doubt – or, to remove the double negative, that more likely
> than not any reasonable juror would have reasonable doubt.

*House*, 547 U.S. at 538.

Petitioner claims that an affidavit from Keith Clark is newly-discovered evidence

establishing his actual innocence.  In the affidavit, dated January 22, 2015, Clark states that he

was present in the vehicle when the shots were fired and that Petitioner was not the driver of the

vehicle.  He did not come forward to advise authorities what he had seen because he feared for

his life.  In November 2014, he and Petitioner were incarcerated at the same facility.  Clark

learned that Petitioner had been convicted in connection with the drive-by shooting.  He

informed Petitioner that he knew Petitioner had not been in the car that day.

Clark's affidavit does not represent the type of credible evidence leading to the

conclusion that it is more likely than not that no reasonable juror would have voted for

conviction had they heard this evidence.  Several factors call into question the credibility of

Clark's statement.  Clark is presently serving a life sentence and, at the time he executed the

affidavit, incarcerated at the same facility as Petitioner.  Such jailhouse affidavits are regarded

with extreme suspicion. *See Carter v Mitchell*, 443 F.3d 517, 539 (6th Cir. 2006).  Clark waited

approximately 13 years after Petitioner's conviction to execute an affidavit, raising further

6

questions about his credibility.  The affidavit also contradicts the testimony of eyewitnesses in several respects.  In addition, Petitioner did not diligently seek relief after obtaining the affidavit. A prisoner who presents a convincing actual-innocence claim does not have to "prove diligence to cross a federal court's threshold," but timing is "a factor relevant in evaluating the reliability of a petitioner's proof of innocence." *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1935 (2013).  Petitioner waited over six months after Clark executed his affidavit to file a habeas petition.  Based upon these considerations, the Court finds that Petitioner has failed to show entitlement to equitable tolling on the basis of actual innocence.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  A district court must  "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

7

presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

### IV. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, the Court GRANTS Respondent's Motion for Summary Judgment (ECF No. 7) and the petition for a writ of habeas corpus is DISMISSED. The Court DENIES a certificate of appealability. If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated:  May 9, 2016                              S/ Sean F. Cox
                                                Sean F. Cox
                                                U. S. District Judge


I hereby certify that on May 9, 2016, the foregoing document was served on counsel of record via electronic means and upon James Jones via First Class mail at the address below:

JAMES JONES 362351
MUSKEGON CORRECTIONAL FACILITY
2400 S. SHERIDAN DRIVE
MUSKEGON HEIGHTS, MI 49444


                                                S/ J. McCoy
                                                Case Manager