9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JONES No. 362351

Petitioner,

-v-

MARY BERGHUIS,

Respondent.

Case No. 2:15-cv-13010

Hon. Sean F. Cox

Appeal from the U.S. District Court denying Petition for Writ of Habeas Corpus pursuant to 2254. Petitioner request a Notice of Appeal and certificate of appealability. See § 2253.

James Jones No. 362351
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, Michigan 49444

FILED
JUN - 9 2016
CLERK'S OFFICE
U.S. DISTRICT COURT

PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY

PURSUANT TO 28 U.S.C. § 2253 (c)(2).

A petitioner is entitled to a certificate of appealability if he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The U.S. Supreme Court in Barefoot v Estelle, 463 U.S. 880, 893 (1983), held this means that the appellant need not show that he would prevail on the merits, but must "demonstrate that the issues are debatable among jurist of reason; that a court could resolve the issues [in a different manner]; or that the question are adequate to deserve encouragement to proceed further. See Flieger v Delo, 16 F.3d 878, 883 (8th Cir.1994).

The standard does not require petitioner James Jones to show that he is entitled to relief. The reviewing court does not require petitioner to prove, that some jurist would grant the petition for habeas corpus. Indeed a claim

can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. Miller-El v Cockrell, 537 U.S. 322,, 338 (2003). Therefore, doubts as to whether to issue a certificate of appealability should be resolved in favor of the appellant. Fuller v Johnson, 114 F.3d 491, 455 (5th Cir.1997); Clinkscale v Carter 375 F.3d 430, 442 (6th Cir. 2004).

Petitioner James Jones, acting in pro se, at the Muskegon Correctional Facility, contends that a C.O.A. must issue after petitioner has put the U.S. District Court on notice of his intent to obtain a certificate of appealability. Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, petitioner challenged his convictions for first-degree premeditated murder, Mich. Comp. Laws § 750.316, three counts of assault with intent to murder, Mich. Comp. Laws § 750.227b. and felon in possession of a firearm, Mich. Comp. Laws § 224f. On May 9, 2016, Judge Sean F. Cox found that petitioner's petition for writ of habeas corpus was untimely because petitioner failed to file his petition within the 1 year statute of limitation period. See 2244(d)(1)(A) & (D). This court further declined to issue petitioner a certificate of appealability.

A. Issues as to which a C.O.A. should be granted.

In its order denying relief, this court also denied a certificate of appealability, but indicated that "clark's affidavit does not represent the type of credible evidence leading to the conclusion that it is more likely than not that no reasonable juror would have voted for a conviction had they heard this evidence."

Petitioner Jones contends that the limitations period should be equitably tolled because he is actually innocent. Schlup v Delo 513 U.S. 298, 115 S. Ct. 851 (1995). To be entitled to equitable tolling, Petitioner Jones must show two factors; (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Lawrence v Florida, 549 U.S. 327, 336 (2007). Petitioner Jones contends that because he has presented a "colorable question" based on actual innocence the affidavit may equitably toll the one-year limitation and demonstrate that the issues are debatable amongst jurist of reason. McCray v Vasbinder 499 F.3d 568, 571 (6th Cir. 2007). In essence, Petitioner Jones asserts that a true "colorable claim" of actual innocence is ["adequate"] to deserve encouragement to proceed further. 28 U.S.C. § 2253 (c)(2).

Petitioner Jones contends that the District Court found in its May 09, 2016 opinion and order, that... "Petitioner did not diligently seek relief after obtaining the affidavit..." Petitioner waited over six months after Clark executed his affidavit to file a habeas petition. Based upon these considerations, the court finds that Petitioner has failed to show entitlement to equitable tolling on the basis of actual innocence." The court constructed a 6 month window period in determining whether that time is sufficient to challenge a claim of actual innocence based upon new and reliable evidence.

Petitioner Jones does not contest the period in which he had to diligently seek habeas relief. He does however challenge the legal procedures that entitles him to a certificate of appealability. Slack v McDaniel 529 U.S.

473, 483-484 (2000). Petitioner Jones contends that a certificate of appealability must issue because he is actually innocent. To be entitled to a certificate of appealability, a petitioner must show that he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must make their own independent evaluation regarding what issue needs to be certified for a certificate of appealability. In essence, courts must either issue a certificate of appealability indicating which issue satisfy the required showing or provide reasons why such a certficate should not issue. Fed. R. App. P. 22(b).

In the instant case, the court found that petitioner could not establish equitable tolling or extraordinary circumstances because petitioner failed to establish a valid claim of actual innocence. See Schlup v Delo 513 U.S. 298, 115 S.Ct. 851 (1995). A credible claim of actual innocence may equitably toll the one-year statute of limitations. See Souter v Jones 395 F.3d 577, 588-90 (6th Cir. 2005). Wherefore, Petitioner Jones believes he has presented sufficient facts to entitle him to an evidentiary hearing. A federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: if (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas

petitioner a full and fair fact hearing. Townsend v Sain 83 S. Ct. 745 (U.S. Ill 1963).

Under Townsend, Petitioner Jones must first "allege facts which, if proved, would entitle him to relief." Id., at 312, 83 S. Ct 743. This mandate requires Petitioner Jones to demonstrate that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law." Here, Petitioner asserts that an evidentiary hearing must be held to test the new and reliable affidavit from Keith Clark. In the affidavit, dated January 22, 2015, Clark states that he was present in the vehicle when shots were fired and that "[Petitioner Jones]" was not the driver of the vehicle on the day in question.

Keith Clark did not come forward to advise authorities what he had seen because he feared for his own life. In November 2014, he and Petitioner were incarcerated at the same facility. Clark learned that Petitioner had been convicted in connection with the drive-by shooting. He informed Petitioner that he knew Petitioner had not been in the car that day. (Clark Affidavit of January 22, 2015, R. 1-1, page ID 64).

Petitioner Jones is clearly entitled to a certificate of appealability so that he can test the credibility of the Clark affidavit. See Schlup v Delo 513 U.S. 298 (1995). In other words, the court "may consider how the timing of the submission and the likely credibility of Petitioner's affiants bear on the

probable reliability of the evidence of actual innocence. For example, if petitioner's new witness is credible especially in light that there is a punitive interest in Keith Clark admitting to being present inside the car at the time of the shooting. There should be no question regarding his credibility because he stand of being charged with murder based on his own affidavit of fact.

Another fact that must be taken into consideration in determining whether a certificate of appealability should issue. The court found that Clark's affidavit "does not represent the type of credible evidence leading to the conclusion that it is more likely than not that no reasonable juror would have voted for conviction had they heard this evidence." Petitioner Jones contends that this finding by the court is clearly erroneous because no evidentiary hearing has been held to test the credibility of the Clark's affidavit. Therefore, Petitioner Jones believes that a certificate of appealability should issue regarding his claim of actual innocence. In Schlup v Delo 513 U.S. 298, (1995), the court held that an evidentiary hearing should have been conducted to test the credibility of prisoners affidavits. The Eighth Circuit Court of Appeals further found that the court could not test the affidavits as a motion for summary judgment under Fed. R. Civ. P. 56, and instead, the court had to conduct an evidentiary hearing to test the credibility of the affiants who were in fact prison inmates.

Petitioner Jones contends that a certificate of appealability should issue under equitable tolling based on his actual innocence. McQuiggin v

Perkins, 133 S. Ct. 1924, 1935 (2013). Petitioner Jones contends that because the district court ruled on the Clark affidavit under a motion for summary judgment, the credibility of the Clark affidavit has not been determined although, this witness admitted being in the vehicle at the time of the drive-by. Petitioner pray that this court grant a certificate of appealability under actual innocence, and find that equitable tolling is appropriate under Lawrence v Florida 549 U.S. 327, 336 (2007), quoting Pace v DiGuglielmo, 544 U.S. 408, 418 (2005).

RELIEF REQUESTED

Wherefore, Petitioner James Jones, acting in pro se, pray that this court GRANT a Certificate of Appealability 28 U.S.C. § 2253 and issue a briefing schedule.

James Jones

James Jones No. 362351
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, Michigan 49442

June 3, 2016

Mr. James Jones #567331
Muskegon Correctional Facility
2400 South Sheridan Dr.
Muskegon Heights, MI 49444

Clerk of The Court
United States District Court
Eastern District of Michigan
Theodore Levin United States Courthouse
231 West Lafayette Blvd. Room 564
Detroit, MI 48226