No. 16-1834

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 16, 2016
DEBORAH S. HUNT, Clerk

JAMES ALFRED JONES,

Petitioner-Appellant,

v.

SHERRY BURT,

Respondent-Appellee.

O R D E R

James Jones, a Michigan prisoner proceeding pro se, appeals the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 as time-barred. Jones applies to this court for a certificate of appealability ("COA"). *See* Fed. R. App. P. 22(b).

At a jury trial in the Wayne County Circuit Court, eyewitness testimony identified Jones as the driver of the car involved in a November 2001 drive-by shooting in Detroit. The trial court sentenced Jones to life imprisonment for a first-degree murder conviction, two to five years of imprisonment for a felon-in-possession-of-a-firearm conviction, two years of imprisonment for a felony-firearm conviction, and fourteen years and three months to twenty-five years imprisonment for each of the assault-with-intent-to-murder convictions. The Michigan Court of Appeals affirmed the convictions and sentences. *People v. Jones*, No. 244062, 2004 WL 2877328 (Mich. Ct. App. Dec. 14, 2004), *lv. app. denied*, 702 N.W.2d 581 (Mich. 2005) (table).

Seven years later, Jones filed a motion for relief from judgment in the trial court, which was denied, and his subsequent application for leave to appeal was denied because it was not timely filed. *People v. Jones*, No. 320777 (Mich. Ct. App. March 20, 2014), *lv. app. denied*, 856 N.W.2d 36 (Mich. 2014) (Mem.).

In January 2015, Jones obtained an affidavit purporting to show his innocence from a fellow inmate, and he filed this habeas petition in August 2015. The respondent moved to dismiss Jones's habeas petition as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). The district court denied the habeas petition as untimely, and declined to issue a COA. Jones then filed a notice of appeal and an application for a COA, which the district court transferred to this court.

To be issued a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

There is a one-year statute of limitations for habeas petitions challenging state-court judgments. 28 U.S.C. § 2244(d)(1). The statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The district court determined that Jones's habeas petition was barred, because the one-year statute of limitations began on November 30, 2005, and Jones signed and dated the habeas petition on June 3rd, 2016, more than nine years later.

Jones argues that the limitations period should be equitably tolled because of newly discovered evidence establishing his actual innocence.

The one-year limitation period may be overcome by a "convincing showing" of actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). This "requires petitioner to

Case: 16-1834 Document: 7-1 Filed: 12/16/2016 Page: 3



support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329).

The newly discovered evidence is an affidavit, dated January 22, 2015, from Keith Clark, a prisoner serving a life sentence in the same facility as Jones. In the affidavit, Clark states that he and another passenger were present in the back seat of the vehicle when it initially passed the witnesses, that he was in the floor of the car when the shooting started, that there were two shooters leaning out of the window, and that the driver was not Jones. Clark's affidavit is insufficient to demonstrate that Jones is innocent because Clark's assertions are inconsistent with the evidence presented at trial. *See Allen v. Yukins*, 366 F.3d 396, 406 (6th Cir. 2004). Eyewitnesses presented at trial identified Jones as the driver of the car, and testified that they saw only one person in the back seat of the car, both when Clark claims to have been sitting up, and when he claims two people were leaning out of the window while shooting. These conflicts between the affidavit and eyewitness testimony at trial, and the timing of the affidavit and the affiant's likely credibility also count against the reliability of the affidavit. *See McQuiggin*, 133 S. Ct. at 1935; *Schlup* 513 U.S. at 332; *Allen*, 366 F.3d at 405.

Jones suggests that Clark is credible because Clark admitted to being present inside the car, and could therefore be charged with murder. But Clark is already serving a sentence in prison, and his affidavit does not implicate him in the shooting, because in the affidavit he disavows any involvement or prior knowledge of the shooting.

Jurists of reason could not disagree with the district court's conclusion that Jones is not entitled to equitable tolling, because Jones has not demonstrated a credible claim of actual innocence. *See McQuiggin*, 133 S. Ct. at 1928. For the foregoing reason, jurists of reason would

not debate whether the district court was correct in its ruling that Jones's habeas petition was time-barred. Accordingly, this court **DENIES** Jones's motion for a certificate of appealability.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: December 16, 2016

Mr. James Alfred Jones
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, MI 49442

Mr. John S. Pallas
Office of the Attorney General
of Michigan
P.O. Box 30217
Lansing, MI 48116

Ms. Elizabeth Mae Rivard
Office of the Attorney General
of Michigan
P.O. Box 30217
Lansing, MI 48116

Re: Case No. 16-1834, *James Jones v. Sherry Burt*
Originating Case No. : 2:15-cv-13010

Dear Mr. Jones and Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Louise Schwarber
Case Manager
Direct Dial No. 513-564-7015

cc: Mr. David J. Weaver

Enclosure

No mandate to issue